The STATE of Ohio, Appellee,

v.

SCHMIDT, Appellant.

[Cite as *State v. Schmidt,* 149 Ohio App.3d 89, 2002-Ohio-3923.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 2001–CA–48.

Decided Aug. 2, 2002.

Anthony E. Kendell, Miami County Assistant Prosecuting Attorney, for appellee.

Anthony W. Sullivan, for appellant.

BROGAN, Judge.

{¶ 1} Defendant-appellant Mitchell R. Schmidt has appealed the decision of the trial court denying his motion for intervention in lieu of conviction ("ILC"). On November 25, 2000, Schmidt caused a rear-end collision, which inflicted little or no damage to the other vehicle. However, preceding this incident, witnesses had observed him driving erratically, crossing the center line, and causing oncoming vehicles to swerve off the road to avoid him.

{¶ 2} During the accident investigation or shortly thereafter, drugs were found in Schmidt's gym bag inside the vehicle. As a result of this incident, Schmidt was charged with three counts of theft of drugs, violating assured clear distance ahead, driving under the influence of drugs and/or alcohol, two counts of drug abuse, two counts of possession of drug paraphernalia, and possession of marijuana. Pursuant to a plea agreement, Schmidt agreed to plead guilty to one count of theft of drugs, in exchange for all other charges being dropped.

{¶ 3} Subsequently, Schmidt filed a motion for ILC. Following a hearing, the trial court denied Schmidt's motion. Schmidt then pled no contest to one count of theft of drugs and was sentenced to three years of community control sanctions. He has now appealed the trial court's judgment, raising the following assignment of error:

{¶ 4} "The trial court erred by denying the appellant's motion for intervention in lieu of conviction based on the appellant's charge of driving under the influence of alcohol and/or drugs of abuse."

{¶ 5} Initially, we recognize that an abuse-of-discretion standard applies to our review of the trial court's decision. *State v. Gadd* (1990), 66 Ohio App.3d 278, 283, 584 N.E.2d 1. Consequently, we must uphold the decision denying ILC unless the decision was unreasonable, arbitrary, or unconscionable. Id., citing *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

{¶ 6} In order to grant a motion for ILC, the trial court must find that the defendant has met all of the requirements set forth in R.C. 2951.041(B). In this regard, the statute requires that (1) the defendant has not been convicted of, pled guilty to, or received ILC for prior felonies and is presently charged with a felony subject to sentencing under R.C. 2929.13(B)(2)(b) or a misdemeanor; (2) the offense is not a first-, second-, or third-degree felony, an offense of violence, vehicular homicide, aggravated vehicular assault or driving while under the influence of alcohol or drugs; (3) the defendant is not charged with corrupting another with drugs, trafficking in, manufacturing, or cultivation of marijuana, illegal administration or distribution of anabolic steroids, or drug possession if it is a first-, second-, or third-degree felony; (4) the defendant is not charged with a fourth-degree felony drug possession charge unless the prosecutor has recom-

mended him to be eligible for ILC; (5) the defendant has been assessed and recommended for an appropriate intervention plan by a qualified professional as listed in the statute; (6) "the offender's drug or alcohol usage was a factor leading to the criminal offense with which he is charged, intervention in lieu of conviction would not demean the seriousness of the offense, and intervention would substantially reduce the likelihood of any future criminal activity"; (7) the alleged victim was not sixty-five or older, permanently disabled, thirteen or younger or a peace officer engaged in official duties; and (8) the defendant is willing to comply with terms and conditions imposed by the court. If the court finds all of these elements have been satisfied, it then has the discretion to grant ILC.

{¶ 7} During the hearing held below, the state advised the court that it did not oppose Schmidt's motion. In fact, the defense attorney advised the court that the state was aware at the time it entered the plea bargain that the defendant intended to request ILC for the one remaining count. After this colloquy the court stated as follows: "Okay. My problem with the Intervention in Lieu of Conviction is the crime was committed in the course of a D.U.I. And it appears to me that he's not eligible if the charge is a D.U.I., and that's the problem I have with it. Now, I'm not saying he's not eligible for Drug Court. I'm not saying that he couldn't do that, but I've just got a problem with that, and I've done the same thing in other cases where a D.U.I. is dismissed in exchange for a plea to a felony and then I don't grant it. So due to the fact that this offense was committed in the course of a D.U.I., I'm not going to grant it. I'm denying the Motion for Intervention in Lieu of Conviction. If he wants to apply for Drug Court under other circumstances, then that's okay with me. I don't have any problem with that. Because they recommend him for it, but not Intervention. He endangered the lives of too many people. He almost killed numerous innocent people in the course of this crime, and Intervention in Lieu of Conviction, I don't think is designed for that sort of incident."

{¶ 8} We agree with the court that the statute prohibits ILC for a DUI offense. However, the defendant in this case had requested ILC for a fourth-degree felony of theft of drugs, not a DUI. The DUI had been dismissed in the course of the plea agreement. The question becomes whether the court can deny ILC simply because a DUI was involved, even though it was dismissed.

{¶ 9} We acknowledge that even when a defendant satisfies all of the statutory requirements, a trial court has discretion to determine whether the particular defendant is a good candidate for ILC. On the other hand, we do not believe that the trial court can create its own criteria for an individual even to be eligible for ILC. In *State v. Fullenkamp* (Oct. 26, 2001), Darke App. No. 2001 CA 1543, 2001 WL 1295372, the trial court had denied the motion for ILC because it

did not find that the defendant's alcohol problem was severe enough to expect that his future conduct would also be linked to drug and alcohol problems. The trial court next stated that it grants ILC only in "more serious cases of long-term alcohol/drug abuse where there is a substantial likelihood of additional criminal or anti-social behavior without intervention and where there exists strong indications of rehabilitation through education and treatment." Id. at * 1. On review, this court found that the trial court "impermissibly engrafted a more stringent predicate condition for eligibility—drug (or alcohol) dependency or the danger of becoming dependent" —than required under the current version of the statute. Id. at * 2. As a result, we reversed the trial court's denial of ILC and remanded for the trial court to consider the issue again under the requirements of the present statute.

{¶ 10}  Similarly, the Eighth District reversed a trial court's denial of treatment in lieu of conviction ("TLC")[1] because the trial court based its denial on its own perceived "defects" in the statute. *State v. Smith* (Aug. 13, 1998), Cuyahoga App. No. 73280, 1998 WL 474178. The *Smith* court found that if all of the requirements in the statute have been satisfied, the individual must at least be considered for TLC. Id. at * 4. At that point, the trial court has the discretion to consider whether the defendant is a good candidate for the program.  On the other hand, a trial court acts arbitrarily when it finds that an offender who has met all of the statutory criteria is not even eligible based on a reason that was not contemplated in the statute.  Id.

{¶ 11}  The trial court in the present case stated that it does not grant ILC in any case where a DUI is charged, even if those charges are dropped.  This criterion is not included in the statutory scheme.  In fact, when examining the statutory elements listed above, there is an interesting distinction between the second element and third element, which both discuss specific offenses.  R.C. 2951.041(B)(2) states that the offender is eligible for ILC if "*[t]he offense * * * is not a violation* of division (A) of section 4511.19 of the Revised Code or a municipal ordinance that is substantially similar to that division * * *." (Emphasis added.)  R.C. 4511.19 is the DUI statute.  However, R.C. 2951.041(B)(3) states that the offender is eligible if he is "*not charged with* a violation of" certain listed offenses, not including DUI. (Emphasis added.)  The second element lists offenses that are not eligible for ILC, whereas the third element states that if the offender is even charged with the offenses listed therein, the offender is not eligible for ILC. The third element does not list DUI, so unless an individual is seeking ILC for the DUI charge, the fact that he was charged with DUI should

---

1.  R.C. 2951.041 was previously written in terms of "treatment in lieu of conviction."  The statute was rewritten in 2000 in broader terms of "intervention in lieu of conviction."

not be relevant. Consequently, the trial court created its own eligibility criterion that was not part of the statutory scheme.[2]

{¶ 12} Based on the foregoing, we find that the trial court acted arbitrarily by finding that Schmidt was not eligible for ILC based on the dismissed DUI charge. Accordingly, we reverse the trial court's denial of ILC and remand for further proceedings consistent with this opinion. As we stated in *Fullenkamp*, we are not remanding with a direction to the court to grant ILC, only to limit its eligibility requirements to those found in the statute and then to consider whether Schmidt is an appropriate candidate for the program.

Judgment reversed
and cause remanded.

FAIN and FREDERICK N. YOUNG, JJ., concur.

_____

**2.** Because DUI is not an offense listed in R.C. 2951.041(B)(3), we need not address the effect of that element when the offense is dismissed as a result of a plea agreement, as occurred in this case.