OPINION
{¶ 1} Defendant-appellant Valerie Folk appeals from the Judgment Entry of the Licking County Court of Common Pleas denying her Request for Intervention in Lieu of Conviction. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 23, 2004, the Licking County Grand Jury indicted appellant on one count of receiving stolen property (credit cards) in violation of R.C. 2913.51(A), a felony of the fifth degree. At her arraignment on January 26, 2004, appellant entered a plea of not guilty to the charge.
 {¶ 3} On March 29, 2004, appellant filed a Request for Intervention in Lieu of Conviction, arguing that she was both statutorily eligible and an appropriate candidate for intervention. Appellant, in her motion, noted that she had no prior felony convictions, that she was not charged with an offense of violence, and that her prior drug usage led to the commission of the offense of receiving stolen property. On the same date, appellant withdrew her former not guilty plea and pled guilty to the offense. Pursuant to a Judgment Entry filed on March 29, 2004, the trial court denied appellant's request for intervention, which was unopposed by the State, and sentenced appellant to six months in prison. The trial court, in denying appellant's request, stated, in relevant part, as follows:
 {¶ 4} "THE COURT: Well, here's the — it's not unusual for people that are involved in drug addicted activities to be found with stolen credit cards, things like that. What is unusual is that they're not usually found hiding in the trunk of a car driven by a man that runs away, and their explanation is not that they're trying to escape the police under surveillance. That circumstance is a little unusual. I guess usually they're caught stealing something else, or there's a trail of things from the car that was just broken into, goes right to wherever they're currently staying, and they haven't necessarily used all the cards that were there more than once as that goes.
 {¶ 5} "The Court notes an outstanding warrant from a 2003 drug paraphernalia charge in Franklin County, which is pending. That's why you have — you were put on probation in 2001 for assault and theft charge in Fairfield County. Wouldn't appear that it was two years of probation anyway; otherwise, you would have still been on when you got picked up in Franklin County for that failure to appear charge there. Also looks like there's another receiving stolen property charge in Franklin County arising from similar facts here, would seem to me.
 {¶ 6} "It also looks to me like you've been through most of the treatment programs in the area: completed inpatient at Shepherd Hill in 1999; intensive outpatient in Worthington in 2002; inpatient in Parkside 2001; Harding Hospital 1998, so there's a lot of — pretty much all treatment provided I can think of here. LAPP, being the Freedom Program, which you've done since you've been in jail here lately. And, to be honest, to continue and provide you with treatment here would seem to me to demean the seriousness of the offense here.
 {¶ 7} "Certainly one of the community control sanctions available to the Court would be the community-based correctional facility, which is not something that Miss Folk's expressed any desire to participate with. And based upon your past history of treatment and your current criminal actions, it doesn't seem to me that continued treatment would be indicated as preventing you from engaging in crime in the future since it hasn't in the past. And based on that, and, again, the fact that granting of community control demeans the seriousness of this offense given your past history of arrests and convictions, I would find your request for intervention in lieu of conviction to be not well taken, . . ." Transcript at 16-18.
 {¶ 8} Appellant now raises the following assignment of error on appeal:
 {¶ 9} "Did the trial court err in denying Ms. Folk's motion for intervention in lieu of conviction."
 I {¶ 10} Appellant, in her sole assignment of error, argues that the trial court erred in denying her Request for Treatment in Lieu of Conviction. We disagree.
 {¶ 11} R.C. 2951.041 states as follows: "(A)(1) If an offender is charged with a criminal offense and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior, the court may accept, prior to the entry of a guilty plea, the offender's request for intervention in lieu of conviction. The request shall include a waiver of the defendant's right to a speedy trial, the preliminary hearing, the time period within which the grand jury may consider an indictment against the offender, and arraignment, unless the hearing, indictment, or arraignment has already occurred. The court may reject an offender's request without a hearing. If the court elects to consider an offender's request, the court shall conduct a hearing to determine whether the offender is eligible under this section for intervention in lieu of conviction and shall stay all criminal proceedings pending the outcome of the hearing. If the court schedules a hearing, the court shall order an assessment of the offender for the purpose of determining the offender's eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan. . . .
 {¶ 12} "(B) An offender is eligible for intervention in lieu of conviction if the court finds all of the following:
 {¶ 13} "(1) The offender previously has not been convicted of or pleaded guilty to a felony, previously has not been through intervention in lieu of conviction under this section or any similar regimen, and is charged with a felony for which the court, upon conviction, would impose sentence under division (B)(2)(b) of section 2929.13 of the Revised Code or with a misdemeanor.
 {¶ 14} "(2) The offense is not a felony of the first, second, or third degree, is not an offense of violence, is not a violation of division (A)(1) or (2) of section 2903.06 of the Revised Code, is not a violation of division (A)(1) of section 2903.08 of the Revised Code, is not a violation of division (A) of section 4511.19 of the Revised Code or a municipal ordinance that is substantially similar to that division, and is not an offense for which a sentencing court is required to impose a mandatory prison term, a mandatory term of local incarceration, or a mandatory term of imprisonment in a jail.
 {¶ 15} "(3) The offender is not charged with a violation of section2925.02, 2925.03, 2925.04, or 2925.06 of the Revised Code and is not charged with a violation of section 2925.11 of the Revised Code that is a felony of the first, second, or third degree.
 {¶ 16} "(4) The offender is not charged with a violation of section2925.11 of the Revised Code that is a felony of the fourth degree, or the offender is charged with a violation of that section that is a felony of the fourth degree and the prosecutor in the case has recommended that the offender be classified as being eligible for intervention in lieu of conviction under this section.
 {¶ 17} "(5) The offender has been assessed by an appropriately licensed provider, certified facility, or licensed and credentialed professional, including, but not limited to, a program licensed by the department of alcohol and drug addiction services pursuant to section3793.11 of the Revised Code, a program certified by that department pursuant to section 3793.06 of the Revised Code, a public or private hospital, the United States department of veterans affairs, another appropriate agency of the government of the United States, or a licensed physician, psychiatrist, psychologist, independent social worker, professional counselor, or chemical dependency counselor for the purpose of determining the offender's eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan.
 {¶ 18} "(6) The offender's drug or alcohol usage was a factor leading to the criminal offense with which the offender is charged, intervention in lieu of conviction would not demean the seriousness of the offense, and intervention would substantially reduce the likelihood of any future criminal activity.
 {¶ 19} "(7) The alleged victim of the offense was not sixty-five years of age or older, permanently and totally disabled, under thirteen years of age, or a peace officer engaged in the officer's official duties at the time of the alleged offense.
 {¶ 20} "(8) If the offender is charged with a violation of section2925.24 of the Revised Code, the alleged violation did not result in physical harm to any person, and the offender previously has not been treated for drug abuse.
 {¶ 21} "(9) The offender is willing to comply with all terms and conditions imposed by the court pursuant to division (D) of this section."
 {¶ 22} A trial court has discretion to determine whether the particular defendant is a good candidate for intervention in lieu of conviction. See State v. Schmidt, 149 Ohio App.3d 89, 2002-Ohio-3923,776 N.E.2d 113. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 1141.
 {¶ 23} We find that the trial court did not abuse its discretion in denying appellant's Request for Treatment in Lieu of Conviction since the trial court's decision was not arbitrary, unconscionable or unreasonable. As is stated above, in order to grant intervention, the trial court must find that "intervention would substantially reduce the likelihood of any future criminal activity." See R.C. 2951.041(B)(6). The trial court, in denying appellant's request, noted that appellant had been through four treatment programs since 1998, including both in-patient and out-patient programs. It is clear that her past treatment has not deterred appellant from engaging in criminal activity. Appellant, in her brief, while arguing that she meets the majority of factors set forth in R.C. 2951.04(B), concedes that "[c]ounsel cannot in good faith argue that the trial Court did not have a basis for determining intervention would not `substantially reduce the likelihood of any future criminal activity.'"
 {¶ 24} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 25} Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.
Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.