OPINION
{¶ 1} Catherine A. Sizemore appeals from her conviction and sentence on one count of theft in violation of R.C. §2913.02(A)(1). In her sole assignment of error, Sizemore contends the trial court abused its discretion in overruling her motion for intervention in lieu of conviction ("ILC").
 {¶ 2} The record reflects that Sizemore was charged with fifth-degree felony theft for using her sister's ATM card without permission and withdrawing a total of $420. She purportedly committed the crime due to financial difficulties caused by her addiction to prescription pain medication. After being charged, Sizemore moved for ILC under R.C. § 2951.041. Division (A)(1) of the statute provides:
 {¶ 3} "If an offender is charged with a criminal offense and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior, the court may accept, prior to the entry of a guilty plea, the offender's request for intervention in lieu of conviction. * * * The court may reject an offender's request without a hearing. If the court elects to consider an offender's request, the court shall conduct a hearing to determine whether the offender is eligible under this section for intervention in lieu of conviction and shall stay all criminal proceedings pending the outcome of the hearing. If the court schedules a hearing, the court shall order an assessment of the offender for the purpose of determining the offender's eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan."[1]
 {¶ 4} Before ruling on Sizemore's motion, the trial court ordered her to be examined at the Forensic Psychiatry Center for Western Ohio. On September 20, 2004, a psychologist at the center sent the trial court a written evaluation regarding her eligibility and suitability for ILC. The psychologist concluded that Sizemore was eligible for ILC and that it would be "likely to help prevent future drug-related criminal activity."
 {¶ 5} The record reflects that the trial court also scheduled the ILC matter for a September 22, 2004, hearing.[2]
Thereafter, on September 27, 2004, the trial court filed a judgment entry overruling Sizemore's motion for ILC. In its decision, the trial court cited unspecified "information provided by the Adult Probation Department reference the defendant's background." Following the trial court's ruling, Sizemore entered a no-contest plea. She also moved for findings of fact and conclusions of law on the ILC issue. At a subsequent disposition hearing, the trial court gave the following explanation for its denial of ILC:
 {¶ 6} "* * * The Court has received a report from the Probation Department, after having reviewed the matter, and discussed the particulars with the Defendant.
 {¶ 7} "The report reads as follows: `Based on this office's evaluation of the criteria and report completed by Dr. Khellaf, the substance abuse issue usage by the Defendant was a factor leading to the Defendant's criminal behavior, and the Defendant does appear to be a drug-dependent individual.
 {¶ 8} "`In view of the Defendant's drug problem, as well as her lack of motivation to maintain sobriety and fully participate in treatment, it is believed that the Defendant would benefit from participation in a residential program which will address both her mental health issues and her substance abuse issues. However, it may be difficult for a residential placement due to the Defendant's medical problems and her lack of insight and motivation reference using non-narcotic alternative medications to help assist in addressing her chemical dependency. Her continuing use of alcohol during her current treatment regimen indicates lack of sincere commitment to treatment.'" (Disposition transcript at 5).
 {¶ 9} After quoting the foregoing report, the trial court questioned Sizemore's probation officer, Kathy Wilson, as follows:
 {¶ 10} THE COURT: "Did you look into the residential treatment program option?"
 {¶ 11} MS. WILSON: "TCH Behavioral Health had reviewed that, and at the time felt that — well, at the time they were not able to recommend a residential program because of the continuing issue with her medical problems, and so what they did was basically let her continue intensive out-patient, and during the time that she originally began treatment, she continued to come to treatment under the influence of alcohol.
 {¶ 12} "At one point they even had to be responsible, the agency, to make sure that someone else drove her back to her residence because she was intoxicated, and that was the course of conduct that was going on at the time of the Intervention in Lieu of Conviction investigation, that she was not being fully cooperative, she was missing a lot of sessions and was coming to treatment intoxicated."
 {¶ 13} THE COURT: "Thank you. That is the information that is available to the Court which has now been placed on the record as to the Court's decision as to why we're here for disposition and the Court's decision in choosing not to grant her Treatment in Lieu of Conviction." (Disposition transcript at 6).
 {¶ 14} The trial court then sentenced Sizemore to three years of community control with a requirement for continuing substance abuse treatment. This timely appeal followed.
 {¶ 15} In her sole assignment of error, Sizemore contends the trial court abused its discretion in denying her motion for ILC. In support, she asserts that she met all of the eligibility requirements under R.C. § 2951.041(B). Sizemore then argues that the trial court improperly created its own additional eligibility requirements and denied ILC based on her failure to meet them. In other words, Sizemore maintains that the trial court found herineligible for ILC based on non-statutory factors such as her inability to enter a residential treatment program, her lack of motivation to address dependency issues, and her lack of commitment to treatment. Alternatively, Sizemore contends the trial court was incorrect when it found a lack of sincerity and motivation on her part. In this regard, she cites a report indicating that she had negative urine screens, had participated in AA and NA meetings, and had completed the court-ordered evaluation, which deemed ILC appropriate for her.
 {¶ 16} Upon review, we find the foregoing arguments to be unpersuasive. As Sizemore properly notes, the trial court identified several reasons for denying ILC. In essence, the trial court found that physical problems precluded her from obtaining residential treatment. It also found that she had displayed a lack of motivation and sincere commitment to treatment by missing some out-patient sessions and by attending others while under the influence of alcohol.
 {¶ 17} In our view, the trial court did not create non-statutory eligibility criteria and deny Sizemore's motion based on her failure to satisfy them. Nowhere in the record did the trial court find Sizemore statutorily ineligible for ILC. Rather, the trial court simply appears to have concluded, for the reasons set forth above, that ILC would be inappropriate in this case despite Sizemore's eligibility for it. We previously have recognized that "even when a defendant satisfies all of the statutory requirements, a trial court has the discretion to determine whether the particular defendant is a good candidate for ILC." State v. Schmidt, 149 Ohio App.3d 89, 91, 2002-Ohio-3923. The trial court did no more than that here. Based on Sizemore's inability to obtain residential treatment and her attendance record and appearance for out-patient treatment while under the influence of alcohol, the trial court, in the exercise of its discretion, simply determined that ILC was inappropriate.
 {¶ 18} In opposition to the foregoing conclusion, Sizemore cites our prior opinions in Schmidt, supra, and State v.Fullenkamp (Oct. 26, 2001), Darke App. No. 2001 CA 1543. Both cases are distinguishable. In Schmidt, the trial court found the defendant statutorily ineligible for ILC because the drug offense at issue was committed in the course of a DUI. Although we agreed that the statute prohibited ILC for a DUI offense, we noted that the DUI charge had been dismissed and only a drug charge remained. We then held that the trial court had abused its discretion by finding the appellant ineligible for ILC based on a dismissed DUI charge. As a result, we remanded the cause for the trial court to address the statutory eligibility requirements and then to determine whether the appellant was an appropriate candidate for ILC.
 {¶ 19} Likewise, in Fullenkamp, we found that the trial court had "impermissibly engrafted a more stringent predicate condition for [ILC] eligibility — drug (or alcohol) dependency or the danger of becoming dependent — than intended by the legislature in drafting" the statutory eligibility requirements. We noted that the statute only required drug or alcohol use to bea factor leading to the offender's criminal behavior.
 {¶ 20} Unlike Schmidt and Fullenkamp, we see nothing in the present case indicating that the trial court added a non-statutory eligibility requirement to the eligibility criteria found in R.C. § 2951.041. Instead, the trial court appears to have concluded that Sizemore was not a good candidate for ILC, despite her statutory eligibility, because she had failed to demonstrate proper motivation and a sincere commitment to treatment, as evidenced by her missed sessions and her appearance at others while under the influence of alcohol.[3]
 {¶ 21} Finally, we reject Sizemore's alternative argument that the trial court was incorrect when it found a lack of sincerity and motivation on her part. In support of her argument, Sizemore relies largely on information contained in a December 20, 2004, letter from TCN psychologist Terry Garwood. The letter states that Sizemore completed an out-patient treatment program on November 17, 2004, and began another program on November 29, 2004. The letter also states that Sizemore had good attendance, missing only two sessions, and that she had clean urine samples since September 10, 2004. In addition, the letter notes that Sizemore had been active in group sessions and was a participant in NA and AA meetings. Finally, the letter states that Sizemore would be likely to remain abstinent and to comply with the laws of Ohio if she continued her recovery program.[4]
 {¶ 22} The problem with Sizemore's reliance on the letter, however, is that it was written almost three months after the trial court denied her motion for ILC. Similarly, most of the progress mentioned in the letter occurred after the trial court already had overruled Sizemore's motion. Thus, the content of the December 20, 2004, letter is not relevant to whether the trial court abused its discretion by overruling Sizemore's motion on September 27, 2004. As the trial court explained during the disposition hearing, when it denied Sizemore's motion she had missed some out-patient sessions and had appeared at others while under the influence of alcohol. In light of these facts, we see no abuse of discretion in the trial court's determination that she was not a good candidate for ILC. For these same reasons, the trial court did not abuse its discretion in declining to follow the recommendation of the psychologist who had evaluated her for purposes of determining her suitability for ILC.[5]
 {¶ 23} Based on the reasoning set forth above, we overrule Sizemore's assignment of error and affirm the judgment of the Greene County Common Pleas Court.
Judgment affirmed.
Wolff, J., and Fain, J., concur.
[1] Division (B) of the statute sets forth the eligibility requirements for ILC.
[2] In her recitation of the facts, Sizemore claims no hearing was held. But we find nothing in the trial court's journal entries or docket sheet continuing or cancelling the scheduled hearing. In any event, Sizemore has not raised the absence of a hearing as an issue on appeal.
[3] Parenthetically, even if we were to accept Sizemore's claim that the trial court found her "ineligible" for ILC, the record would support that determination. One of the statutory eligibility requirements for ILC is that "[t]he offender is willing to comply with all terms and conditions imposed by the court pursuant to division (D)" of R.C. § 2951.041. In turn, one of the mandatory conditions to be imposed under division (D) is that the offender abstain from drugs and alcohol. Based on Sizemore's appearance at her out-patient treatment sessions while under the influence of alcohol, the trial court reasonably may have concluded that she would be unwilling to comply with the abstinence requirement.
[4] Although it has no bearing on our analysis herein, we note that Sizemore apparently did not remain in compliance with the laws of Ohio. On April 18, 2005, the trial court revoked her community control in this case due to her commission of a drug-related offense and sentenced her to six months in prison.
[5] Having found that the trial court did not abuse its discretion in overruling Sizemore's motion for ILC, we need not address the State's alternative grounds for affirmance, namely that the denial of an ILC motion is non-reviewable on appeal because a trial court has absolute discretion to deny such a motion. We previously have held that such rulings are subject to appellate review for an abuse of discretion. See, e.g.,Schmidt, supra; Fullenkamp, supra. We need not revisit that determination here, as even under an abuse-of-discretion standard Sizemore's assignment of error lacks merit.