[Cite as *State v. Ramey*, 2011-Ohio-3508.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24212 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 10-CR-1306 |
| v. | : | |
| | : | (Criminal Appeal from |
| TAYRONE O. RAMEY | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of July, 2011.

. . . . . . . . .

MATHIAS H. HECK, JR., by TIMOTHY J. COLE, Atty. Reg. #0084117, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorneys for Plaintiff-Appellee

CHRISTOPHER B. EPLEY, Atty. Reg. #0070981, Christopher B. Epley Co., LPA, 124 East Third Street, Suite 300, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . .

HALL, J.

{¶ 1} Tayrone O. Ramey appeals from his conviction and sentence following a guilty

plea to one count of receiving stolen property, a fifth-degree felony.

{¶ 2} In his sole assignment of error, Ramey contends the trial court abused its discretion in refusing to grant him intervention in lieu of conviction (ILC).

{¶ 3} The record reflects that a grand jury indicted Ramey in May 2010. Thereafter, he moved for ILC. The trial court overruled the motion, and Ramey pled guilty. The trial court sentenced him to community control.

{¶ 4} On appeal, Ramey contends he was eligible for ILC under R.C. 2951.041(B). He further argues that the trial court relied on inappropriate considerations—his prior juvenile record and his failure to be rehabilitated while in a juvenile correctional facility—to deny him ILC. Ramey contends the Revised Code does not permit a trial court to deny an eligible offender ILC based on the existence of a juvenile record. We disagree.

{¶ 5} "[E]ven when a defendant satisfies all of the statutory requirements, a trial court has discretion to determine whether the particular defendant is a good candidate for ILC." *State v. Schmidt*, 149 Ohio App.3d 89, 2002-Ohio-3923, ¶9. Although the ILC statute sets forth specific eligibility requirements, it does not limit the factors a trial court may consider when determining whether an eligible offender should receive ILC.

{¶ 6} In the present case, the trial court found Ramey eligible for ILC but denied his motion, reasoning:

{¶ 7} "And, as I indicated previously, the Court will deny the defendant's Motion for Intervention in Lieu of Conviction as the defendant was previously in the juvenile system subjected to the — was charged with aggravated robbery, was given a permanent commitment to the Department of Youth Services, and as a result of the serious nature of that offense and

the intervention in the juvenile system, the Court finds that intervention in lieu of conviction is inappropriate.

{¶ 8} "While the defendant is statutorily eligible on other grounds, the Court will not grant the motion under the statute as a result of, again, that juvenile offense, because the Court finds that it's inappropriate to an ILC under the circumstances."

{¶ 9} Although Ramey cites his lack of any prior adult convictions, we note that he was only nineteen years old at the time of the proceedings below. His juvenile record included dispositions for carrying a concealed weapon and aggravated robbery, with the latter offense resulting in commitment to the Department of Youth Services. Ramey cites nothing that precluded the trial court from taking his juvenile record into consideration, and we see no abuse of discretion in the denial of his motion for ILC. Accordingly, his assignment of error is overruled.

{¶ 10} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FROELICH and RICE, JJ., concur.

(Hon. Cynthia Westcott Rice, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)


Copies mailed to:

Mathias H. Heck, Jr.
Timothy J. Cole
Christopher B. Epley
Hon. Mary K. Huffman