[Cite as *State v. Phillipeck*, 2013-Ohio-2001.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 12 CAA 08 0060 |
| FRANCIS PHILLIPECK | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Delaware County
                                 Court of Common Pleas, Case No.
                                 11CR-I-12-0625

JUDGMENT:                        Affirmed

DATE OF JUDGMENT ENTRY:          May 5, 2013

APPEARANCES:

For Defendant - Appellant:          For Plaintiff - Appellee:

BRIAN G. JONES                      CAROL HAMILTON O'BRIEN
The Law Office of Brian Jones       Prosecuting Attorney
2211 U.S. Highway 23 North          PETER B. RUFFING
Delaware, OH 43015                  Assistant Prosecuting Attorney
                                    140 N. Sandusky Street 3rd Floor
                                    Delaware, OH 43015

*Baldwin, J.*

{¶1} Appellant Francis Phillipeck appeals a judgment of the Delaware County Common Pleas Court convicting him of possession of heroin (R.C. 2925.11(A)) and theft (R.C. 2913.02(A)(1)) upon a plea of guilty and sentencing him to a period of community control not to exceed three years.

## STATEMENT OF FACTS AND CASE

{¶2} On December 2, 2011, appellant was indicted by the Delaware County Grand Jury with possession of heroin and theft. Appellant stole a toy gun from a Meijer's store late at night, when he was intoxicated from drug use. He had a spoon and needle containing heroin in the pocket of his pants at the time of his arrest.

{¶3} Appellant entered a plea of guilty to both charges and sought treatment in lieu of conviction (ILC). The case proceeded to a hearing on his motion for ILC. The court found appellant was technically eligible for ILC pursuant to R.C. 2951.041. The court noted that appellant, who was 25 years old, had a drug problem for an extensive period of time, and that the information in the medical assessment and pre-sentence investigation indicated that ILC might not demean the seriousness of the offenses and might reduce recidivism.

{¶4} However, the trial court denied ILC for four reasons: appellant's long history of drug use, appellant's lack of commitment to treatment in the past even though his family has insurance to cover residential treatment, appellant's refusal to take responsibility for the death of his girlfriend who died of an overdose, and the court's belief that appellant stole the toy gun intending to use it to commit an additional theft.

{¶5}   Appellant assigns one error on appeal:

{¶6}   "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE APPELLANT TREATMENT IN LIEU OF CONVICTION WHEN THE COURT DENIED THE REQUEST BECAUSE MR. PHILLIPECK HAD A LONG HISTORY OF DRUG USE, HE LACKED COMMITMENT TO TREATMENT EVEN THOUGH HE HAD INSURANCE, HE REFUSED TO TAKE RESPONSIBILITY FOR THE DEATH OF HIS GIRLFRIEND, AND STOLE A TOY GUN AS A MEANS OF GETTING ADDITIONAL FUNDS FOR HIS DRUG HABIT."

I.

{¶7}   Appellant, in his sole assignment of error, argues that the trial court abused its discretion in denying his request for ILC.

{¶8}   R.C. 2951.041 provides:

{¶9}   "(A)(1) If an offender is charged with a criminal offense and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior, the court may accept, prior to the entry of a guilty plea, the offender's request for intervention in lieu of conviction. The request shall include a waiver of the defendant's right to a speedy trial, the preliminary hearing, the time period within which the grand jury may consider an indictment against the offender, and arraignment, unless the hearing, indictment, or arraignment has already occurred. The court may reject an offender's request without a hearing. If the court elects to consider an offender's request, the court shall conduct a hearing to determine whether the offender is eligible under this section for intervention in lieu of conviction and shall stay all criminal proceedings pending the outcome of the hearing.

If the court schedules a hearing, the court shall order an assessment of the offender for the purpose of determining the offender's eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan.

{¶10} "(B) An offender is eligible for intervention in lieu of conviction if the court finds all of the following:

{¶11} "(1) The offender previously has not been convicted of or pleaded guilty to a felony, previously has not been through intervention in lieu of conviction under this section or any similar regimen, and is charged with a felony for which the court, upon conviction, would impose sentence under division (B)(2)(b) of section 2929.13 of the Revised Code or with a misdemeanor.

{¶12} "(2) The offense is not a felony of the first, second, or third degree, is not an offense of violence, is not a violation of division (A)(1) or (2) of section 2903.06 of the Revised Code, is not a violation of division (A)(1) of section 2903.08 of the Revised Code, is not a violation of division (A) of section 4511.19 of the Revised Code or a municipal ordinance that is substantially similar to that division, and is not an offense for which a sentencing court is required to impose a mandatory prison term, a mandatory term of local incarceration, or a mandatory term of imprisonment in a jail.

{¶13} "(3) The offender is not charged with a violation of section 2925.02, 2925.03, 2925.04, or 2925.06 of the Revised Code and is not charged with a violation of section 2925.11 of the Revised Code that is a felony of the first, second, or third degree.

{¶14} "(4) The offender is not charged with a violation of section 2925.11 of the Revised Code that is a felony of the fourth degree, or the offender is charged with

a violation of that section that is a felony of the fourth degree and the prosecutor in the case has recommended that the offender be classified as being eligible for intervention in lieu of conviction under this section.

{¶15} "(5) The offender has been assessed by an appropriately licensed provider, certified facility, or licensed and credentialed professional, including, but not limited to, a program licensed by the department of alcohol and drug addiction services pursuant to section 3793.11 of the Revised Code, a program certified by that department pursuant to section 3793.06 of the Revised Code, a public or private hospital, the United States department of veterans affairs, another appropriate agency of the government of the United States, or a licensed physician, psychiatrist, psychologist, independent social worker, professional counselor, or chemical dependency counselor for the purpose of determining the offender's eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan.

{¶16} "(6) The offender's drug or alcohol usage was a factor leading to the criminal offense with which the offender is charged, intervention in lieu of conviction would not demean the seriousness of the offense, and intervention would substantially reduce the likelihood of any future criminal activity.

{¶17} "(7) The alleged victim of the offense was not sixty-five years of age or older, permanently and totally disabled, under thirteen years of age, or a peace officer engaged in the officer's official duties at the time of the alleged offense.

{¶18} "(8) If the offender is charged with a violation of section 2925.24 of the Revised Code, the alleged violation did not result in physical harm to any person, and the offender previously has not been treated for drug abuse.

{¶19} "(9) The offender is willing to comply with all terms and conditions imposed by the court pursuant to division (D) of this section."

{¶20} A trial court has discretion to determine whether the particular defendant is a good candidate for intervention in lieu of conviction. *State v. Schmidt,* 149 Ohio App.3d 89, 2002-Ohio-3923, 776 N.E.2d 113. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 1141(1983).

{¶21} We find that the trial court did not abuse its discretion in denying appellant's request for ILC. At 25 years of age, appellant already had a long, pervasive history of drug use. While appellant is correct that a history of drug use is an element for eligibility, the court could also use this factor to conclude that recidivism is likely, particularly because appellant had recently taken part in an out-patient drug treatment program which was unsuccessful, and had not sought residential treatment prior to his arrest despite coverage under his mother's insurance plan. The court speculated that appellant stole the gun intending to use it to commit another offense. Appellant stated at the hearing that he was so intoxicated at the time of the offense that he had no idea why he was stealing the toy gun and had no idea what he was doing. The trial court was in a better position than this court to assess appellant's credibility, and the trial court clearly believed he intended to use the toy gun to commit another theft offense while he was intoxicated on heroin.

{¶22} It is apparent from the transcript of the ILC hearing that the court did not believe appellant truly was committed to treatment and that treatment alone would not

substantially reduce the likelihood of any future criminal activity. Treatment was built into his community control sentence; however, the court apparently believed appellant needed a clearer understanding of the gravity of his drug use and the potential seriousness of the consequences of his actions while intoxicated than he would receive from treatment alone. The trial court did not abuse its discretion in denying appellant's request for treatment in lieu of conviction.

{¶23} The assignment of error is overruled. The judgment of the Delaware County Common Pleas Court is affirmed. Costs assessed to appellant.


By: Baldwin, J.

Wise, P.J. and

Delaney, J. concur.


HON. CRAIG R. BALDWIN


HON. JOHN W. WISE


HON. PATRICIA A. DELANEY

rad/CRB

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff - Appellee | : | JUDGMENT ENTRY |
| | : | |
| -vs- | : | |
| | : | Case No.   12 CAA 08 0060 |
| FRANCIS PHILLIPECK | : | |
| | : | |
| Defendant - Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the
Delaware County Court of Common Pleas is affirmed.  Costs assessed to Appellant.


_____
HON. CRAIG R. BALDWIN


_____
HON. JOHN W. WISE


_____
HON. PATRICIA A. DELANEY