[Cite as *State v. Hale*, 2017-Ohio-5863.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Earle E. Wise, J. |
| -vs- | |
| | Case No. 17 CA 7 |
| JOHN E. HALE | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                            Pleas, Case No.  16 CR 129


JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:     July 17, 2017


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

JASON R. FARLEY                     JACK A. BLAKESLEE
ASSISTANT PROSECUTOR                421 West Street
145 North 7th Street                Post Office Box 284
Cambridge, Ohio  43725              Caldwell, Ohio  43724

*Wise, John, J.*

**{¶1}** Defendant-Appellant John E. Hale appeals his conviction and sentence on one count of Trafficking in Drugs entered in the Guernsey County Court of Common Pleas following a plea of guilty to a Bill of Information.

**{¶2}** Plaintiff-Appellee is the State of Ohio.

**{¶3}** Preliminarily, we note this case is before this Court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

**{¶4}** One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist. 1983).

**{¶5}** This appeal shall be considered in accordance with the aforementioned rules.

## STATEMENT OF THE FACTS AND CASE

**{¶6}** On June 1, 2016, Appellant John E. Hale sold twenty (20) round, peach-colored pills, later identified as Clonazepam 0.5 mg., to Det. Lt. Jason Mackie, of the Guernsey County Sheriff's Department, for Twenty Dollars ($20.00). Appellant then gave the money to Brittany Wong, who was seated next to Det. Mackie, in an attempt to

purchase heroin from her. The drug transaction was audio recorded. Appellant was arrested on the spot. (T. at 2).

**{¶7}** On February 10, 2017, Patricia Johnson of Alcohol and Drug Services of Guernsey County diagnosed Appellant Hale as having a moderate amphetamine-type substance stimulant-use disorder; a moderate opioid use disorder; other stimulant dependence, uncomplicated; and opioid dependence, uncomplicated.

**{¶8}** On January 5, 2017, Appellant entered a plea of guilty to a Bill of Information charging him with Trafficking in Drugs, a felony of the fifth degree, in violation of R.C. §2925.03(C)(2)(a). The plea was made pursuant to a written plea agreement that contemplated the filing of a motion for intervention in lieu of conviction that would not be opposed by the State if "defendant should be otherwise eligible." The trial court ordered a presentence investigation and scheduled the matter for a sentencing hearing on February 13, 2017.

**{¶9}** On January 5, 2017, at the conclusion of the plea hearing, Appellant filed a motion for intervention in lieu of conviction.

**{¶10}** On February 13, 2017, the trial court held a hearing on Appellant's motion. The trial court "received oral arguments of defense counsel and statement [sic] from the Defendant. The Court...further reviewed the presentence investigation..." The State did not oppose the motion. (T. at 1). At the conclusion of the hearing, the trial court denied Appellant's motion, finding "to grant intervention in Lieu of Conviction would demean the seriousness of the offense. Therefore, Defendant's Motion for Intervention in Lieu of Conviction is DENIED,"

**{¶11}** The trial court sentenced Appellant to eleven (11) months in prison. The sentence was suspended, and Appellant was placed on community controlled sanctions for five years.

**{¶12}** Appellant now appeals, raising the following assignment of error on appeal:

### ASSIGNMENT OF ERROR

**{¶13}** "I. THE TRIAL JUDGE ABUSED HIS DISCRETION WHEN HE DENIED DEFENDANT-APPELLANT JOHN E. HALE'S MOTION FOR INTERVENTION IN LIEU OF CONVICTION."

### I.

**{¶14}** In his sole Assignment of Error, Appellant argues that the trial court's denial of his motion was an abuse of discretion. We disagree.

**{¶15}** Intervention in Lieu of Conviction (ILC) is a statutory creation that allows a trial court to stay a criminal proceeding and order an offender to a period of rehabilitation if the court has reason to believe that drug or alcohol usage, mental illness, or being a person with an intellectual disability was a factor leading to the criminal behavior. *See* R.C. §2951.041(A); *See State v. Massien,* 125 Ohio St.3d 204, 2010–Ohio–1864, 926 N.E.2d 1282, ¶ 9.

**{¶16}** "In enacting R.C. 2951.041, the legislature made a determination that when chemical abuse is the cause or at least a precipitating factor in the commission of a crime, it may be more beneficial to the individual and the community as a whole to treat the cause rather than punish the crime." *Massien* at ¶ 10, *quoting State v. Shoaf,* 140 Ohio App.3d 75, 77, 746 N.E.2d 674 (10th Dist. 2000) (referring to a previous, but similar, version of R.C. 2951.041). ILC is not designed to be punishment, but rather an opportunity

for certain offenders to receive help for their dependence without the ramifications of a felony conviction. *Id.*

{¶17} The trial court may reject an offender's request for ILC without a hearing. R.C. §2951.041(A)(1). However, if the court elects to consider an offender's request, the court must conduct a hearing to determine whether the offender is statutorily eligible for ILC and must stay all criminal proceedings pending the outcome of the hearing. *Id.* If the court schedules a hearing, the court must order an assessment of the offender for the purpose of determining the offender's eligibility for ILC and recommending an appropriate intervention plan. *Id.*

{¶18} R.C. §2951.041 provides:

(A)(1) If an offender is charged with a criminal offense and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior, the court may accept, prior to the entry of a guilty plea, the offender's request for intervention in lieu of conviction. The request shall include a waiver of the defendant's right to a speedy trial, the preliminary hearing, the time period within which the grand jury may consider an indictment against the offender, and arraignment, unless the hearing, indictment, or arraignment has already occurred. The court may reject an offender's request without a hearing. If the court elects to consider an offender's request, the court shall conduct a hearing to determine whether the offender is eligible under this section for intervention in lieu of conviction and shall stay all criminal proceedings pending the outcome of the hearing. If the court

schedules a hearing, the court shall order an assessment of the offender for the purpose of determining the offender's eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan.

(B) An offender is eligible for intervention in lieu of conviction if the court finds all of the following:

(1) The offender previously has not been convicted of or pleaded guilty to a felony, previously has not been through intervention in lieu of conviction under this section or any similar regimen, and is charged with a felony for which the court, upon conviction, would impose sentence under division (B)(2)(b) of section 2929.13 of the Revised Code or with a misdemeanor.

"(2) The offense is not a felony of the first, second, or third degree, is not an offense of violence, is not a violation of division (A)(1) or (2) of section 2903.06 of the Revised Code, is not a violation of division (A)(1) of section 2903.08 of the Revised Code, is not a violation of division (A) of section 4511.19 of the Revised Code or a municipal ordinance that is substantially similar to that division, and is not an offense for which a sentencing court is required to impose a mandatory prison term, a mandatory term of local incarceration, or a mandatory term of imprisonment in a jail.

(3) The offender is not charged with a violation of section 2925.02, 2925.03, 2925.04, or 2925.06 of the Revised Code and is not charged

with a violation of section 2925.11 of the Revised Code that is a felony of the first, second, or third degree.

(4) The offender is not charged with a violation of section 2925.11 of the Revised Code that is a felony of the fourth degree, or the offender is charged with a violation of that section that is a felony of the fourth degree and the prosecutor in the case has recommended that the offender be classified as being eligible for intervention in lieu of conviction under this section.

(5) The offender has been assessed by an appropriately licensed provider, certified facility, or licensed and credentialed professional, including, but not limited to, a program licensed by the department of alcohol and drug addiction services pursuant to section 3793.11 of the Revised Code, a program certified by that department pursuant to section 3793.06 of the Revised Code, a public or private hospital, the United States department of veterans affairs, another appropriate agency of the government of the United States, or a licensed physician, psychiatrist, psychologist, independent social worker, professional counselor, or chemical dependency counselor for the purpose of determining the offender's eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan.

(6) The offender's drug or alcohol usage was a factor leading to the criminal offense with which the offender is charged, intervention in lieu of conviction would not demean the seriousness of the offense, and

intervention would substantially reduce the likelihood of any future criminal activity.

(7) The alleged victim of the offense was not sixty-five years of age or older, permanently and totally disabled, under thirteen years of age, or a peace officer engaged in the officer's official duties at the time of the alleged offense.

(8) If the offender is charged with a violation of section 2925.24 of the Revised Code, the alleged violation did not result in physical harm to any person, and the offender previously has not been treated for drug abuse.

(9) The offender is willing to comply with all terms and conditions imposed by the court pursuant to division (D) of this section.

**{¶19}** Even when an offender satisfies all of the statutory eligibility requirements for ILC, the trial court has discretion to determine whether a particular offender is a good candidate for intervention. *State v. Schmidt,* 149 Ohio App.3d 89, 2002-Ohio-3923, 776 N.E.2d 113. The decision whether to grant a motion for ILC lies within the trial court's sound discretion, and an appellate court will not reverse the trial court's ruling absent an abuse of that discretion. *State v. Adkins,* 2d Dist. Miami No. 2011 CA 28, 2012–Ohio–4744, ¶ 16. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 1141(1983).

**{¶20}** Upon review, we find that the trial court based its denial on R.C. §2951.041(B)(6), finding that it would demean the seriousness of the offense. While the

trial court did not provide any reasons in support of this finding in its judgment entry, a review of the hearing transcript reveals the trial court did take issue with certain statements Appellant made in his Presentence Investigation Questionnaire:

> When asked concerning your drugs and alcohol that played an offense, play into this offense, Defendant stated that neither drugs nor alcohol played a role in the instant offense, Further, he also stated in his Presentence Investigation Questionaire [sic] that he sold the drug in question to get gas money which Is not what the report shows, but apparently there must have been some reason in your head that you were selling it for gas money rather than to sell dope to buy dope. That is what.
>
> …
>
> Apparently that is what the argument is here that you were selling drugs to buy other drugs so that makes you eligible for this program, but you didn't say that. That is what you told the officer. Okay. You told him that you sold it to get gas money. Okay. That is what the report says. So whatever reason you said that you did say that." (T. at 4).

**{¶21}** It is apparent from the transcript of the ILC hearing that the trial court did not believe Appellant was a good candidate for Intervention. The trial court clearly did not believe Appellant's statements made at the hearing, which contradicted his earlier statements, that drug use played a factor in the commission of this offense. The trial court was in a better position than this Court to assess Appellant's credibility.

**{¶22}** Based on the foregoing, we do not find that the trial court abused its discretion in denying Appellant's request for intervention in lieu of conviction.

**{¶23}**  Appellant's sole Assignment of Error is overruled.

**{¶24}**  Accordingly, the judgment of the Guernsey County Common Pleas Court is affirmed.


By: Wise, John, J.

Hoffman, P. J., and

Wise, Earle, J., concur.



JWW/d 0712