OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Benjamin A. Lindberg, filed June 10, 2005. On May 16, 2005, Lindberg pled no contest to one count of importuning, a felony of the fifth degree, in violation of R.C. 2907.07(D)(2), and one count of attempted unlawful sexual conduct with a minor, a felony of the fourth degree, in violation of R.C. 2923.02(A) and2907.04(A). Lindberg was arrested after he engaged in internet communications, including an arranged meeting with Detective Lee Cyr, a Fairborn police officer who was posing as a fourteen year old girl. Lindberg's screen name was "Pimp Daddy." Lindberg was sentenced to five years of community control, consisting of mental health treatment, and basic supervision. Lindberg faces a six month prison term should he violate his community control.
 {¶ 2} Prior to his plea, Lindberg filed a Motion for Intervention in Lieu of Conviction, pursuant to R.C. 2951.041, and a hearing was held on February 7, 2005. Prior to the hearing the court referred Lindberg to the Forensic Psychiatry Center for Western Ohio for an evaluation, and the parties stipulated to the report of Dr. Scott T. Kidd, Psy.D. The parties also stipulated to the report of Frederick L. Peterson Jr., Psy.D. of the Flexman Clinic, along with his curriculum vitae. Further, the parties stipulated to an exhibit containing the internet conversations that occurred between Lindberg and Detective Cyr. Finally, the parties stipulated that Detective Cyr, during the arrest and subsequent interview of Lindberg, noted no indication that Lindberg was under the influence of alcohol or drugs. Lindberg was not tested for alcohol or drug use at the time of his arrest and interview. The trial court overruled the Motion for Intervention in Lieu of Conviction on February 15, 2005, finding that alcohol or drug usage by Lindberg was not a factor leading to Lindberg's offenses. Lindberg's first assignment of error is as follows:
 {¶ 3} "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING DEFENDANT'S MOTION FOR INTERVENTION IN LIEU OF CONVICTION BY REQUIRING THAT DEFENDANT SATISFY A MORE STRINGENT CONDITION THAN THOSE CONTAINED IN R.C. 2951.041."
 {¶ 4} "The granting of a motion for treatment in lieu of conviction lies in the trial court's sound discretion." State v.Devoe, Montgomery App. No. 18999. (Internal citations omitted.) "In order to find an abuse of that discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment." Id.
 {¶ 5} R.C. 2905.041 provides that an offender is eligible for intervention in lieu of conviction if the court finds that nine separate factors are met. At issue is the sixth factor, which allows intervention in lieu of conviction if "[t]he offender's drug or alcohol usage was a factor leading to the criminal offense with which the offender is charged, intervention in lieu of conviction would not demean the seriousness of the offense, and intervention would substantially reduce the likelihood of any future criminal activity." Lindberg argues that "the trial court engrafted a more stringent condition for eligibility [for intervention] — actual intoxication or usage — than intended by the legislature in R.C. 2951.041(B)(6)." We disagree.
 {¶ 6} Dr. Kidd opined in his report that, although alcohol consumption often results in impaired judgment and lower inhibition, it is not a major contributing factor in sexual offenses. In contrast, Dr. Peterson opined that Lindberg's sexual development history is psychologically bonded to alcohol and cannabis, such that Lindberg is only sexual while under the influence of substances. The trial court found no indication in Lindberg's internet conversation with Detective Cyr of substance usage or abuse; there was no suggestion in their exchange that Lindberg was disoriented or otherwise impaired. Judgment Entry, February 15, 2005. The trial court also determined that Lindberg's screen name indicated Lindberg's "well thought out * * * intentions when conversing with others on the internet." Id. The decision overruling intervention in lieu of conviction does not reflect that the trial court required Lindberg establish actual intoxication or usage at the time of the offense. Id. More specifically, the trial court concluded, "from all the evidence, the Court fails to find that alcohol or drug usage by the Defendant was a factor leading to the Defendant's criminal behavior." Id. Simply put, the trial judge was free to reject the defense expert's opinion that Lindberg is only sexual when under the influence, and instead credit the stipulated evaluation and opinion of the state's clinical psychologist, Dr. Kidd. Dr. Kidd's conclusion that alcohol is not a major contributing factor in sexual offenses is consistent with the trial judge's conclusion that Lindberg's addiction was not a factor leading to the offense. This conclusion and reliance upon Dr. Kidd's expert opinion does not constitute a finding or application of a more stringent test, to wit, actual intoxication or usage.
 {¶ 7} In Devoe, we determined that the trial court did not abuse its discretion in overruling a drug dependent defendant's motion for intervention in lieu of conviction where his offenses, surveilling a minor in her bedroom for six months, were carried out "in order to satisfy his sexual urges and needs and were independent of his drug addiction." While the internet conversation between Lindberg and Cyr occurred over a period of just three days, Lindberg's conduct in emailing Cyr and then driving to meet him for sex, believing he was a14 year old girl, like Devoe's conduct, was "purposely, carefully, and precisely calculated" by Lindberg. Id. After thoroughly reviewing the record, we cannot say the trial court erroneously based it decision to deny intervention in lieu of conviction upon a more stringent test of actual intoxication or usage. We agree that Lindberg failed to establish by a preponderance of the evidence that his drug and alcohol dependence was a factor that lead to his criminal activities. Lindberg's first assignment of error is overruled.
 {¶ 8} Lindberg's second assignment of error is as follows:
 {¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING DEFENDANT'S MOTION FOR INTERVENTION IN LIEU OF CONVICTION BY BASING ITS DECISION ON FACTS UNSUPPORTED BY THE EVIDENCE."
 {¶ 10} We are again limited to an abuse of discretion standard. As noted above, the evidence as to whether Lindberg's alcohol and drug use was a factor leading to his criminal offenses was disputed. It is within the trial court's discretion to evaluate the expert reports herein and reach a conclusion based upon all the evidence. For the reasons discussed above, the trial court made a reasonable and informed decision in overruling Lindberg's Motion for Intervention. There being no abuse of discretion, Lindberg's second assignment of error is overruled, and the judgment of the trial court is affirmed.
Grady, P.J., and Wolff, J., concur.