The STATE of Ohio, Appellee,

v.

LEISTEN, Appellant.

[Cite as *State v. Leisten,* 166 Ohio App.3d 805, 2006-Ohio-2362.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 21148.

Decided May 12, 2006.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Jon C. Marshall, Assistant Prosecuting Attorney, for appellee.

Eric A. Stamps, for appellant.

---

WOLFF, Judge.

{¶ 1} Deborah Ann Leisten appeals from the judgment of the Montgomery Count Court of Common Pleas, which denied her motion for intervention in lieu of conviction.

{¶ 2} On February 15, 2002, Leisten was indicted for three counts of forgery, in violation of R.C. 2913.31(A)(1), a fifth-degree felony. On March 26, 2003, the court found that Leisten had been granted diversion through the Montgomery County Prosecutor's Office diversion program, and the case was stayed until Leisten had either successfully completed the program or was unsuccessfully terminated from the program. Leisten was unsuccessful on diversion. Leisten apparently failed to appear in court on September 30, 2003, as required. Consequently, on October 1, 2003, the court issued a capias for Leisten and set bond at $15,000. Leisten was arrested on April 12, 2005.

{¶ 3} On June 9, 2005, Leisten filed a motion for intervention in lieu of conviction, which the court denied without a hearing. Leisten then entered a negotiated plea of no contest to two counts of forgery; the third count was dismissed. On June 23, 2005, the court sentenced Leisten to five years of community control with the conditions that she complete a term of intensive probation supervision with a chemical abuse/mental health specialist, pay court costs, pay restitution in the amount of $1,430, pay attorney fees of $130, receive a crisis-care assessment and successfully complete treatment as recommended, and obtain and maintain verifiable employment.

{¶ 4} In her sole assignment of error, Leisten claims that the trial court erred in finding that she was not eligible for intervention in lieu of conviction and summarily denying her motion. In denying Leisten's motion, the court reasoned, "ILC is not an option. She has had one diversion like opportunity and therefore she is *not eligible* for Intervention in Lieu of Conviction." (Emphasis added.)

{¶ 5} Intervention in lieu of conviction is governed by R.C. 2951.041. "That section permits a court which determines that an alleged offender would benefit from substance abuse treatment to commit him or her to its probation department for that purpose, avoiding trial and a possible conviction of the criminal charges involved." *State v. Jamison* (Mar. 16, 2001), Montgomery App. No. 18509, 2001 WL 256290.

{¶ 6} Under R.C. 2951.041(A)(1), a court may reject a request for intervention in lieu of conviction without a hearing. However, if the court elects to consider the request, the court must conduct a hearing to determine whether the offender is eligible for intervention in lieu of conviction and must stay all criminal proceedings pending the outcome of that hearing. Id. R.C. 2951.041(B) sets forth the eligibility requirements for intervention in lieu of conviction, all of which must be met. Among the requirements is that the offender "previously has not been convicted of or pleaded guilty to a felony, previously has not been through intervention in lieu of conviction under this section or any similar regimen, and is charged with a felony for which the court, upon conviction, would impose sentence under division (B)(2)(b) of section 2929.13 of the Revised Code [community-control sanctions] or with a misdemeanor." R.C. 2951.041(B)(1).

{¶ 7} The decision whether to grant a motion for intervention in lieu of conviction lies in the trial court's sound discretion. *State v. Lindberg*, Greene App. No. 2005–CA–59, 2006-Ohio-1429, 2006 WL 759655. "[E]ven when a defendant satisfies all of the statutory requirements, a trial court has discretion to determine whether the particular defendant is a good candidate for ILC." *State v. Schmidt*, 149 Ohio App.3d 89, 2002-Ohio-3923, 776 N.E.2d 113, ¶ 9. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

{¶ 8} Although the court could have summarily found that Leisten was not amenable to intervention in lieu of conviction regardless of her eligibility, the trial court denied her motion on the ground that Leisten was *ineligible* for intervention in lieu of conviction due to her previous participation in the prosecutor's diversion program. This was error.

{¶ 9} Prior to March 23, 2000, pretrial diversion programs and intervention in lieu of conviction were mutually exclusive. Until March 23, 2000, R.C. 2951.041 provided an alternative to prison for offenders whom the trial court found were drug dependent or in danger of becoming drug dependent. In contrast, diversion programs precluded persons who were drug dependent or in danger of becoming drug dependent. R.C. 2935.36(A)(4). Since March 23, 2000, however, intervention in lieu of conviction is an available alternative to offenders where "drug or alcohol usage * * * was a factor leading to the offender's criminal behavior," regardless of whether the offender is drug dependent or in danger of becoming so. R.C. 2951.041(A)(1); see *State v. Fullenkamp* (Oct. 26, 2001), Darke App. No. 2001 CA 1543, 2001 WL 1295372. Thus, while persons who are drug dependent or in danger of becoming drug dependent may have only intervention in lieu of conviction as an alternative to a conviction, those persons whose offenses were influenced by drug or alcohol usage but who are not drug

dependent or in danger of becoming so now may have both intervention in lieu of conviction and diversion as available alternatives. Accordingly, Leisten's participation in the prosecutor's diversion program did not necessarily render her ineligible for intervention in lieu of conviction.

{¶ 10} Under R.C. 2951.041(B)(1), prior participation in intervention in lieu of conviction or a "similar regimen" renders an offender ineligible for intervention in lieu of conviction. Whereas intervention in lieu of conviction is focused toward substance abuse treatment, the Montgomery County Prosecutor's Office diversion program is not. In our judgment, the prosecutor's diversion program is not a regimen similar to intervention in lieu of conviction, within the meaning of R.C. 2951.041(B)(1). Compare R.C. 2935.36 (pretrial diversion programs) with R.C. 2951.041. If the legislature had wished to make participation in any pretrial diversion program a precluding factor, it could have easily included that restriction in R.C. 2951.041(B). Accordingly, the trial court erred in finding that Leisten was ineligible for intervention in lieu of conviction based on her previous participation in the Montgomery County Prosecutor's Office diversion program.

{¶ 11} The assignment of error is sustained.

{¶ 12} The judgment of conviction is reversed, and the cause is remanded for the trial court to determine, in the exercise of its sound discretion, whether to grant Leisten's request for intervention in lieu of conviction. Although the trial court may resolve the issue without a hearing, the court must conduct a hearing, in accordance with R.C. 2951.041, if it elects to consider her request.

Judgment reversed
and cause remanded.

GRADY, P.J. and FAIN, J., concur.