OPINION *Page 2 
{¶ 1} Defendant-appellant, Robert Parker, Jr. (hereinafter "Parker"), appeals the Putnam County Court of Common Pleas judgment entry of sentence. We affirm.
 {¶ 2} On December 7, 2007, the Putnam County Grand Jury indicted Parker on one (1) count of trafficking in marijuana in violation of R.C. 2925.03(A)(C)(3)(c), a fourth degree felony. (Doc. No. 1). On June 3, 2008, an arraignment was held wherein Parker entered a plea of not guilty. (Doc. Nos. 8, 17); (June 3, 2008 Tr. at 2).
 {¶ 3} On June 20, 2008, Parker filed a motion for treatment in lieu of conviction (a.k.a. "intervention in lieu") (hereinafter "ILC") pursuant to R.C. 2951.041. (Doc. No. 18). A hearing on the motion was scheduled for June 27, 2008; however, no transcript of the hearing appears in the record. (Doc. No. 20). On July 2, 2008, the trial court ordered that Parker complete a psychiatric/psychological evaluation pursuant to R.C. 2951.041, which was scheduled for July 17, 2008. (Doc. Nos. 21, 22); (Aug. 27, 2008 Tr. at 3).
 {¶ 4} On August 27, 2008, a pre-trial hearing was conducted, which resulted in Parker changing his plea from not guilty to guilty. (Doc. No. 23); (Aug. 27, 2008 Tr. at 2-3). The State indicated at the change of plea hearing that it would not oppose Parker's pending motion for ILC. (Aug. 27, 2008 Tr. at 2-3). *Page 3 
An entry noting the change in plea was filed on August 28, 2008. (Doc. No. 25). This entry specifically provided that the "State does not oppose treatment in lieu." (Id.).
 {¶ 5} On October 23, 2008, a sentencing hearing was held wherein the trial court noted, for the first time, that Parker would not be eligible for ILC under R.C. 2951.041. (Doc. No. 28); (Oct. 23, 2008 Tr. at 2). The trial court noted that the parties assumed that Parker was eligible for ILC during the course of their plea negotiations, and that the State specifically informed the court that it was not opposed to ILC at the change of plea hearing. (Oct. 23, 2008 Tr. at 2). Given this apparent misunderstanding, defense counsel asked for and the court granted fourteen (14) days to review the matter and then either proceed to sentencing or present the court with another option. (Id. at 3).
 {¶ 6} On October 30, 2008, Parker filed a memorandum in support of his earlier motion for ILC. (Doc. No. 30). In his memorandum, Parker argued, in pertinent part, that he was eligible under R.C. 2951.041 because he was not charged with both possession and trafficking in drugs. (Id.). Since he was only charged with trafficking in drugs, Parker argued that subsection (B)(3) was not satisfied; and therefore, he was still eligible for ILC. (Id.).
 {¶ 7} On November 19, 2008, a further sentencing hearing was held. (Doc. No. 31); (Nov. 19, 2008 Tr. at 1). At this hearing, the trial court acknowledged *Page 4 
receipt of Parker's memorandum in support of his motion for ILC, but disagreed with Parker's interpretation of R.C. 2951.041. (Nov. 19, 2008 Tr. at 3-4). The trial court found that Parker was not eligible for ILC pursuant to R.C. 2951.041(B)(3) because he was convicted of trafficking in drugs under R.C. 2925.03. (Id.). Defense counsel then asked that the trial court proceed to sentencing and informed the court that it was Parker's intention to appeal the court's interpretation of R.C. 2951.041. (Id. at 4).
 {¶ 8} On November 28, 2008, the trial court filed its judgment entry of sentence. (Doc. No. 34). In its judgment entry, the trial court first denied Parker's motion for ILC, finding that Parker was not eligible because of his R.C. 2925.03 conviction. (Id.). The trial court then sentenced Parker to three (3) years community control and ordered that Parker: serve nine (9) days in jail, with nine (9) days credit for time served; complete outpatient assessment and treatment; complete the family responsibility course; pay restitution of $1,500; and pay court costs. (Id.). The trial court also suspended Parker's driver's license for six (6) months. (Id.). In addition, the trial court informed Parker that if he violated the terms and conditions of his community control or sentence, it would sentence him to eighteen (18) months imprisonment. (Id.).
 {¶ 9} On December 5, 2008, Parker filed a notice of appeal. (Doc. No. 35). Parker now appeals raising one assignment of error for our review. *Page 5 
 ASSIGNMENT OF ERROR THE TRIAL COURT'S FINDING THAT THE DEFENDANT WAS NOT ELIGIBLE FOR TREATMENT IN LUIE [SIC] OF CONVICTION IS NOT SUPPORTED AND SUCH FINDING MUST BE VACATED AS A MATTER OF LAW, BASED ON THE ABUSE OF DISCRETION OF THE TRIAL COURT JUDGE.
 {¶ 10} In his sole assignment of error, Parker argues that the trial court erred in interpreting R.C. 2951.041(B)(3). Specifically, Parker argues that in order to be ineligible for ILC, subsection (B)(3) requires that he be charged with both: (1) a violation of R.C. 2925.02,2925.03, 2925.04, or 2925.05; and (2) a violation of R.C. 2925.11 that is a first, second, or third degree felony. Since he was charged with a violation of R.C. 2925.03 but not a violation of R.C. 2925.11 that is a first, second, or third degree felony, Parker argues that he was eligible for ILC. The State, on the other hand, argues that Parker's charge under R.C. 2925.03, by itself, disqualifies Parker from ILC according to R.C. 2951.041's language as the trial court found. We agree with the State.
 {¶ 11} A trial court's decision whether to grant treatment (intervention) in lieu rests within its sound discretion; and therefore, this Court generally applies an abuse of discretion standard of review.State v. Leisten, 166 Ohio App.3d 805, 2006-Ohio-2362, 853 N.E.2d 673, ¶ 7;State v. Fisher (Apr. 21, 1998), 3d Dist. No. 13-97-40, at *2, citing State v. Gadd (1990), 66 Ohio App.3d 278, 280-83, 584 N.E.2d 1. Eligibility determinations under R.C. 2951.041, however, are matters of *Page 6 
law subject to de novo review. State v. Fritz, 10th Dist. No. 04AP-63,2004-Ohio-6129, ¶ 5, citing State v. Sufronko (1995),105 Ohio App.3d 504, 506, 664 N.E.2d 596. Likewise, statutory interpretation is a question of law reviewed de novo. State v. Consilio, 114 Ohio St.3d 295,2007-Ohio-4163, 871 N.E.2d 1167, ¶ 8. The trial court sub judice specifically noted that its decision to deny Parker ILC was based solely on its interpretation of R.C. 2951.041(B)(3). The trial court stated as follows:
 I've indicated in chambers that but for my interpretation of this section and my belief that the section as written provides that an individual under 2925.03 is not qualified under intervention in lieu, that the Court is at this point denying the motion for intervention in lieu. I am prepared and making a finding that this ruling is based solely upon the language of R.C. 2951.04(1)(B)(3) [sic]. That meaning that if the language were interpreted that the defendant were eligible for intervention in lieu, the Court would be granting intervention in lieu on this case.
(Nov. 19, 2008 Tr. at 3-4). The Court restated this position in its judgment entry of sentence wherein it denied Parker's motion for ILC. (Doc. No. 34). Since the trial court's denial of ILC was based solely on its interpretation of R.C. 2951.041(B)(3), our review is de novo.Consilio, 2007-Ohio-4163, at ¶ 8.
 {¶ 12} Statutory interpretation begins and ends with the statute's plain language if the language is clear and unambiguous. State v.Lowe, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9. R.C. 2951.041 provides, in pertinent part: *Page 7 
 (B) An offender is eligible for intervention in lieu of conviction if the court finds all of the following:
 (1) The offender previously has not been convicted of or pleaded guilty to a felony, previously has not been through intervention in lieu of conviction under this section or any similar regimen, and is charged with a felony for which the court, upon conviction, would impose sentence under division (B)(2)(b) of section 2929.13 of the Revised Code or with a misdemeanor.
 (2) The offense is not a felony of the first, second, or third degree, is not an offense of violence, is not a violation of division (A)(1) or (2) of section 2903.06 of the Revised Code, is not a violation of division (A)(1) of section 2903.08 of the Revised Code, is not a violation of division (A) of section 4511.19 of the Revised Code or a municipal ordinance that is substantially similar to that division, and is not an offense for which a sentencing court is required to impose a mandatory prison term, a mandatory term of local incarceration, or a mandatory term of imprisonment in a jail.
 (3) The offender is not charged with a violation of section 2925.02, 2925.03, 2925.04, or 2925.06 of the Revised Code and is not charged with a violation of section 2925.11 of the Revised Code that is a felony of the first, second, or third degree.
 (4) The offender is not charged with a violation of section 2925.11 of the Revised Code that is a felony of the fourth degree, or the offender is charged with a violation of that section that is a felony of the fourth degree and the prosecutor in the case has recommended that the offender be classified as being eligible for intervention in lieu of conviction under this section.
 (5) The offender has been assessed by an appropriately licensed provider, certified facility, or licensed and credentialed professional, including, but not limited to, a program licensed by the department of alcohol and drug addiction services pursuant to section 3793.11 of the Revised Code, a program certified by that department pursuant to section 3793.06 of the Revised Code, a public or private hospital, the United States department of veterans affairs, another appropriate agency of the government of the United States, or a licensed physician, psychiatrist, psychologist, independent social worker, *Page 8 professional counselor, or chemical dependency counselor for the purpose of determining the offender's eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan.
 (6) The offender's drug or alcohol usage was a factor leading to the criminal offense with which the offender is charged, intervention in lieu of conviction would not demean the seriousness of the offense, and intervention would substantially reduce the likelihood of any future criminal activity.
 (7) The alleged victim of the offense was not sixty-five years of age or older, permanently and totally disabled, under thirteen years of age, or a peace officer engaged in the officer's official duties at the time of the alleged offense.
 (8) If the offender is charged with a violation of section 2925.24 of the Revised Code, the alleged violation did not result in physical harm to any person, and the offender previously has not been treated for drug abuse.
 (9) The offender is willing to comply with all terms and conditions imposed by the court pursuant to division (D) of this section.
(Emphasis added). According to the statute's plain language, R.C. 2951.041(B)(1) through (9) must be satisfied for the trial court to find an offender eligible for ILC. However, "even when a defendant satisfies all of the statutory requirements, a trial court has discretion to determine whether the particular defendant is a good candidate for ILC."Leisten, 2006-Ohio-2362, at ¶ 7, quoting State v. Schmidt,149 Ohio App.3d 89, 2002-Ohio-3923, 776 N.E.2d 113, ¶ 9.
 {¶ 13} At issue here is the interpretation of R.C. 2951.041(B)(3), which provides: "[t]he offender is not charged with a violation of section 2925.02, 2925.03, 2925.04, or 2925.06 of the Revised Code and is not charged with a violation of section 2925.11 of the Revised Code that is a felony of the first, *Page 9 
second, or third degree." (Emphasis added). Parker argues that, to beineligible for ILC, subsection (B)(3) requires that he was charged withboth an offense under R.C. 2925.02, 03, 04, or 06 and a violation of R.C. 2925.11 that is a first, second, or third degree felony. Parker's argument is fallacious because the premise of his argument has the inappropriate negative "ineligible." R.C. 2951.041(B) provides that: "[a]n offender is eligible for intervention in lieu of conviction if the court finds all of the following:" (emphasis added). Accordingly, in order to be eligible for ILC, the trial court was required under subsection (B)(3) to find both that Parker: (1) is not charged with a violation of R.C. 2925.02, 2925.03, 2925.04, or 2925.06; and that Parker (2) was not charged with a violation of R.C. 2925.11, which is a first, second, or third degree felony. The trial court found that Parker was charged with a violation of R.C. 2925.03(A)(C)(3)(c). (Doc. Nos. 1, 34); (Nov. 19, 2008 Tr. at 3-4). Therefore, the trial court was required to find that the conditions under R.C. 2951.041(B)(3) were not met, and as such, Parker was not eligible for ILC.
 {¶ 14} Parker argues that the trial court's reading of the statute renders R.C. 2951.041(B)(4) superfluous. We disagree. R.C. 2951.041(B)(4), unlike subsection (B)(3), applies when the offender is charged with a violation of R.C. 2925.11 (drug possession) that is a fourth degree felony. The legislature treats fourth degree felony drug possession differently than a first, second, and third *Page 10 
degree felony drug possession for purposes of ILC. If the offender has been charged with a first, second, or third degree felony drug possession, he is not eligible for ILC under R.C. 2951.041(B)(3). However, if the offender has been charged with a fourth degree felony drug possession, the offender may still be eligible for ILC if "the prosecutor in the case has recommended that the offender be classified as being eligible for intervention in lieu of conviction under this section." R.C. 2951.041(B)(4). Consequently, the trial court's interpretation of R.C. 2951.041 clarifies and contrasts subsections (B)(3) and (B)(4), which explains why the legislature provided both subsections. If the trial court finds that the offender is charged with any of the offenses listed in (B)(3), the offender is not eligible for ILC. On the other hand, if the court finds that the offender is charged with a fourth degree felony drug possession, under (B)(4) the offender may still be eligible for ILC if the prosecutor recommends to the court that the offender should be eligible.
 {¶ 15} For all these reasons, we find that an offender is not eligible for ILC under R.C. 2951.041(B)(3) when the trial court finds that he/she was charged with either a violation of R.C. 2925.02, 2925.03, 2925.04, or 2925.06, or a violation of 2925.11 that is a first, second, or third degree felony.
 {¶ 16} Parker's assignment of error is, therefore, overruled. *Page 11 
 {¶ 17} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed
 WILLAMOWSKI and ROGERS, J.J., concur. *Page 1