[Cite as *State v. Nealeigh*, 2011-Ohio-1416.]

IN THE COURT OF APPEALS OF CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee         :     C.A. CASE NO. 2010CA28

vs.                              :     T.C. CASE NO. 2010CR58

KRISTOPHER W. NEALEIGH           :     (Criminal Appeal from
                                      Common Pleas Court)
    Defendant-Appellant        :

. . . . . . . .

O P I N I O N

Rendered on the 25th day of March, 2011.

. . . . . . . .

Nick A. Selvaggio, Pros. Attorney; Richard L. Houghton, III, Asst. Pros. Attorney, Atty. Reg. No.0055607, 200 North Main Street, Urbana, OH 43078
    Attorney for Plaintiff-Appellee

Jose M. Lopez, Atty. Reg. No.0019580, 18 East Water Street, Troy, OH 45373
    Attorney for Defendant-Appellant

. . . . . . . .

GRADY, P.J.:

{¶ 1} On or about June 28, 2009, Defendant, Kristopher Nealeigh, Amber Fraley, and Mark Toney were all using heroin. Defendant overdosed, requiring paramedics from the Urbana Fire Department and Champaign County Sheriff's deputies to respond to

a call for emergency medical assistance.

{¶ 2} Defendant was indicted on one count of possession of heroin in violation of R.C. 2925.11(A), (C)(6)(a), a felony of the fifth degree. Just prior to the final pretrial hearing on June 10, 2010, Defendant filed a motion for intervention in lieu of conviction pursuant to R.C. 2951.041. The trial court orally denied Defendant's motion, without a hearing. The court subsequently journalized a written order denying the motion. Thereafter, Defendant entered a plea of no contest to the heroin possession charge and was found guilty. The trial court sentenced Defendant to three years of community control sanctions.

{¶ 3} Defendant appealed to this court from his conviction and sentence. He challenges only the trial court's decision denying his request for intervention in lieu of conviction.

ASSIGNMENT OF ERROR

{¶ 4} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION AS A MATTER OF LAW IN DENYING DEFENDANT-APPELLANT'S MOTION FOR INTERVENTION IN LIEU OF CONVICTION BASED UPON A BLANKET POLICY ADOPTED BY THE TRIAL COURT TO DENY ANY AND ALL SUCH MOTIONS."

{¶ 5} Defendant argues that the trial court abused its discretion in summarily denying his request for intervention in lieu of conviction, without a hearing, based upon a blanket policy the trial court has that any and all such motions will be denied.

Defendant claims that there is nothing in the record that demonstrates he does not meet all of the eligibility requirements in R.C. 2951.041(B) for intervention in lieu of conviction.

{¶ 6} We previously considered and rejected this same claim involving this same trial court. In *State v. Rice*, 180 App.3d 599, 2009-Ohio-162, this court stated:

{¶ 7} "Pursuant to R.C. 2951.041(A)(1), a court may deny a request for intervention in lieu of conviction without a hearing. *State v. Leisten,* 166 Ohio App.3d 805, 2006-Ohio-2362, 853 N.E.2d 673. If the court instead elects to consider the request, the court must conduct a hearing to determine whether the offender meets all of the eligibility requirements in R.C. 2951.041(B) for intervention in lieu of conviction. Id. The decision whether to grant a motion for intervention in lieu of conviction lies within the trial court's sound discretion. Id.; *State v. Lindberg,* Greene App. No. 2005-CA-59, 2006-Ohio-1429, 2006 WL 759655. This court has held that even if an offender satisfies all the eligibility requirements, the trial court has discretion to determine whether the particular offender is a candidate for intervention in lieu of conviction. *State v. Schmidt,* 149 Ohio App.3d 89, 2002-Ohio-3923, 776 N.E.2d 113." *Id.*, at ¶10.

{¶ 8} "* * *

{¶ 9} "Crim.R. 52(A) defines harmless error and provides: 'Any

error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.' 'A substantial right is, in effect, a legal right that is enforced and protected by law.' *State v. Coffman* (2001), 91 Ohio St.3d 125, 127, 742 N.E.2d 644. 'R.C. 2951.041 does not create a legal right to intervention in lieu of conviction. Rather, the statute is permissive in nature and provides that the trial court may, in its discretion, grant the defendant an opportunity to participate in the early intervention in lieu of a sentence.' *State v. Dempsey,* Cuyahoga App. No. 82154, 2003-Ohio-2579, 2003 WL 21154170, ¶9. Therefore, abuse of discretion in denying a defendant's R.C. 2951.041 motion without a hearing is harmless error that an appellate court is charged by Crim.R. 52(A) to disregard, because the defendant could have suffered no prejudice to a legal right enforced and protected by law as a result." *Id* at ¶14.

{¶ 10} At the pretrial hearing held on June 10, 2010, the following colloquy took place:

{¶ 11} "THE COURT: Thank you. Bailiff, could you obtain the document?

{¶ 12} "Revised Code Section 2951.041 provides, among other things, that the Court may accept, prior to the entry of the guilty plea, the offender's request for intervention in lieu of conviction.

{¶ 13} "Court does not accept the request.  Court will not consider Defendant for intervention in lieu of conviction."  (T. 2-3).

{¶ 14} "* * *

{¶ 15} "The Court is declining to grant the request without establishing a hearing for that motion.  The Court believes it is following the statutory procedure in making that distinction.  If you want that to be a matter of record, then your client will need to waive his right to confidentiality.  I'm not sure what choice you'll make on that.

{¶ 16} "MR. LOPEZ: Sir, I'd be happy to do that.  And I don't mean to be argumentative with the Court.  And I recognize that the Court says it may consider.  But I'm sort of at a loss here given the fact there was no inquiry whether he's a suitable candidate other than the motion was filed and the Court simply turning it down without making inquiry.

{¶ 17} "THE COURT: The Court may reject an offender's request without a hearing.  If the Court elects to consider an offender's request, the Court shall conduct a hearing to determine eligibility in all the other matters.

{¶ 18} "And we're not having a hearing to do that because the Court is proceeding under the statute to not accept the request and not to conduct the hearing.

{¶ 19} "The Court would note for the record that the Court believes that there are two codefendants in the case. Two other individuals who are codefendants. Making a total of three codefendants." (T. 4-5).

{¶ 20} At the sentencing hearing Defendant asked the trial court to reconsider his request for intervention in lieu of conviction. The trial court stated:

{¶ 21} "Your lawyer has correctly stated the situation when he says he's not aware of any factors that disqualify you from treatment or intervention in lieu of punishment. By that I mean, that the record appears to show that you're a first time offender. I don't believe that intervention in lieu of conviction process necessarily applies to the present circumstances. Heroin is an insidious drug. Many people with the best of intentions are not able to break free from the hold that the drug has for a continued period of time.

{¶ 22} "Court believes that the extent of your usage and the serious consequences that you've suffered as a result of that makes it appropriate for a more extensive supervision to be involved. The number of people involved in the usage process, the length of time involved in the usage process, and the gravity of the usage process are all factors that were considered by the Court in determining the nature of supervision that is going to be imposed

here. Those were also reasons why the Court would believe that supervision or the treatment in lieu of conviction - correction intervention in lieu of conviction is not appropriate in the present case." (T. 16-17).

{¶ 23} The trial court's Journal Entry of Conviction and Sentence states:

{¶ 24} "<u>REQUEST FOR INTERVENTION IN LIEU OF CONVICTION</u>

{¶ 25} "Counsel for Defendant asked the court to reconsider the Defendant's request for intervention in lieu of conviction. After listening to the request, the Court declined to change the previous ruling. The hearing is not a hearing to consider intervention. In explanation of the ruling the Court noted the number of people involved in the substance abuse pattern, the period of usage, the insidious nature of the drug involved, and the serious consequences of this particular drug usage by the Defendant. The sum total of all these circumstances indicate to the Court a level of concern that requires community control is a key element of the rehabilitation of the Defendant. The Court also believes that intervention in lieu of conviction would demean the seriousness of the offense."

{¶ 26} The record does not support Defendant's claim that the trial court refused Defendant's request for intervention in lieu of conviction based upon some blanket policy of denying all such

requests, without regard to the facts and circumstances of the particular case. The court's reasons for refusing Defendant's request are not matters that would exclude Defendant from eligibility for intervention in lieu of conviction. See: R.C. 2951.041(B). Nevertheless, because R.C. 2951.041(A) creates not a right of relief, but instead a privilege that the trial court possesses considerable discretion to deny, the denial of Defendant's request was, at worst, harmless error. *Rice*, *Id*. at ¶15.

{¶ 27} It is once again worth repeating what we said in *Rice*:

{¶ 28} "A blanket policy of denying all requests without a hearing, which Defendant-appellant argues the Court of Common Pleas of Champaign County applies, would not be an exercise of sound discretion. However, on this record, we have no basis to find that the court has such a policy.

{¶ 29} "It is unfortunate that the General Assembly crafted R.C. 2941.041 as it did. That section creates a substantive right of relief, but permits the court to deny the right by overruling the defendant's procedural request for a hearing. If that allows courts disposed against the state's policy favoring intervention in lieu of conviction to undermine that policy by arbitrarily denying the hearing, then the General Assembly should remove that impediment against its policy from R.C. 2941.041." *Id*. at ¶17-18.

{¶ 30} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed.

FAIN, J., concurs.

DONOVAN, J., dissenting:

{¶ 31} I disagree. In my view, the explanation the court offered at Nealeigh's disposition as to why intervention in lieu of conviction "is not appropriate in the present case" (T. 16-17) reveals a refusal to exercise sound discretion in holding a hearing. This, coupled with a concession by the State at oral argument that only one grant of intervention in lieu of conviction order could be located in the Champaign County Common Pleas Court's history warrants reversal in the case.

{¶ 32} When the legislature enacted the ILC version of R.C. 2951.041 in 1999, a policy determination was made that when chemical abuse is the cause or at least a precipitating factor in the commission of a crime, it may be more beneficial to the community and the individual to treat the cause rather than punish the crime. In my view, the lack of hearings over a decade or more time frame, along with the following statements by the trial court establish a refusal by the court to exercise sound discretion. Specifically, at disposition the court made the following erroneous

statement regarding the ILC statute:

{¶ 33} "I don't believe the intervention in lieu of conviction process necessarily applies to the present circumstances." Immediately thereafter by reference to the "insidious nature of heroin," the court makes it readily apparent that it holds a view that ILC should not and does not apply to heroin possession cases. This is simply not the law.

{¶ 34} The trial court's interpretation and application of the statutory eligibility requirements for intervention in lieu of conviction is a matter of law subject to de novo review. *State v. Casto*, Clinton App. No. CA 2008-08-033, 2009-Ohio-791. By excluding heroin possession from ILC consideration and virtually never conducting a hearing on ILC, the court has abrogated its responsibility to exercise its sound discretion.

{¶ 35} I would reverse and remand.

. . . . . . . . . .

Copies mailed to:

Richard L. Houghton, III, Esq.
Jose M. Lopez, Esq.
Hon. Roger B. Wilson