DONOVAN, J., dissenting:
{¶ 17} I disagree. In my view, the trial court "considered" Miles' application for ILC on July 5, 2016, when an order was issued by the trial judge which states:
This matter comes before the Court on the Defendant's request for Intervention in Lieu of Conviction pursuant to O.R.C. 2951.041 * * *. Based upon the Defendant's motion, IT IS THE ORDER OF THE COURT the Defendant be examined by a Licensed Independent Chemical Dependency Counselor/Professional Clinical Counselor to determine if the Defendant meets the criteria set forth in O.R.C. 2951.041 in regards to mental illness, intellectual disability or drug or alcohol abuse. The evaluation will take place at 45 North Detroit Street, Xenia Ohio.
{¶ 18} Furthermore, in an entry later denying the request for ILC the court stated: "The Court denies the motion in its entirety. The Court's finding in this regard is pursuant to its sound discretion. State v. Nealeigh, 2d Dist. Champaign No. 2010CA28, 2011-Ohio-1416, 2011 WL 1086630 ; State v. Branch , 2d Dist. Montgomery No. 25261, 2013-Ohio-2350, 2013 WL 2566930."
{¶ 19} In my view, both orders established the trial court "considered" Miles' request. We have described a trial court's mere consideration of the ILC motion as the trigger to the right to a hearing as "inartful." See Branch . However, here, there is more than an ILC application, there was an order scheduling a drug assessment and a separate order which "exercised discretion" in the application's denial. In State v. Cebula, 11th Dist. Lake No. 2013-L-085, 2014-Ohio-3276, 2014 WL 3734173, the court stated, "we do not have difficulty determining whether the trial court 'considered' the ILC motion in this case. In an order referring defendant for evaluation on the ILC motion, the trial court stated that 'it appears that Defendant may be eligible' for ILC. This shows that the trial court considered the request." Id. , ¶ 18.
{¶ 20} In my view, ordering an assessment for ILC and issuing an order denying the ILC application establishes the trial court judge "considered" and rejected Miles' request. Thus, a hearing was required.
{¶ 21} Curiously, the PSI establishes Miles met all the statutory criteria for ILC and an assessment was completed by Evergreen Counseling (date unknown). The majority concludes that the trial court denied the ILC application without receipt of a drug dependency assessment. However, this finding is speculative. The assessment was scheduled for July 13 at 10:00 a.m.
*863 and the record does not reveal whether Miles was assessed at that time or not. The order denying the application was filed at 4:00 p.m. on the same day. The record is silent as to whether an assessment was completed prior to the 4:00 p.m. order which denied the application. Accordingly, I would reverse for an evidentiary hearing.