[Cite as *State v. Sanders*, 2020-Ohio-5153.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. 2020 CA 002 |
| KATINA SANDERS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case No. 2019 CR 414

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      November 3, 2020

APPEARANCES:

For Plaintiff-Appellee

WILLIAM C. HAYES
PROSECUTING ATTORNEY
PAULA M. SAWYERS
ASSISTANT PROSECUTOR
20 South Second Street, Fourth Floor
Newark, Ohio 43055

For Defendant-Appellant

WILLIAM T. CRAMER
470 Olde Worthington Road
Suite 200
Westerville, Ohio 43082

*Wise, John, P. J.*

**{¶1}** Defendant-Appellant Katina Sanders appeals her conviction and sentence entered in the Licking County Common Pleas Court following a plea of guilty to one count of Aggravated Possession of Drugs (Methamphetamine).

**{¶2}** Plaintiff-Appellee is the State of Ohio.

<u>STATEMENT OF THE CASE AND FACTS</u>

**{¶3}** On May 26, 2018, Appellant Katina M. Sanders was stopped for speeding in Licking County, Ohio. The officer noticed a strong smell of alcohol, bloodshot and glassy eyes, and restricted pupils. Appellant admitted that she had three beers prior to driving. Appellant was removed from the vehicle and failed field sobriety tests. Appellant was arrested for OVI and, during a search incident to arrest, 1.592 grams of methamphetamine were found on Appellant.

**{¶4}** On May 30, 2019, Defendant-Appellant Katina Sanders was indicted on one count of Aggravated Possession of Drugs (Methamphetamine), in amounts less than bulk, in violation of R.C. §2925.11(A)(C)(1)(a), a felony of the fifth degree.

**{¶5}** On October 30, 2019, Appellant filed a Motion for Order Granting Defendant Intervention in Lieu of Conviction pursuant to O.R.C. §2951.041.

**{¶6}** On December 23, 2019, a change of plea hearing was held wherein the trial court noted that Appellant intended to withdraw her plea and engaged in a standard plea colloquy. During the colloquy, Appellant indicated that she had discussed the charges with her attorney and understood the nature of said charges. Appellant also indicated that she had reviewed and signed the admission of guilt form, and had no questions about it. The trial court reviewed the constitutional rights which Appellant was giving up by

pleading guilty. The court also noted that Appellant was giving up most of her appeal rights, which caused Appellant some confusion. Defense counsel took a moment to speak with her privately, and Appellant then indicated that she understood. (T. at 6-10).

{¶7} The State presented the above facts supporting the charge. The State noted that Appellant agreed that those facts were accurate. (T. at 10-13). The trial court reviewed the potential sentence, noting a maximum prison term of one year, a $2,500.00 fine, and an unspecified driver's license suspension. The trial court also mentioned the possibility of judicial release and community control.

{¶8} In regard to post-release control, the trial court noted a possible term of three years and explained that if Appellant violated post-release control, she would be "subject to being returned to the penitentiary for more incarceration."

{¶9} Appellant indicated that she was currently on community control through Williams County, and the trial court explained that a guilty finding could be used as a basis to revoke community control in the other case and result in the imposition of a consecutive term of incarceration. After a few more standard plea colloquy questions, the court then accepted the guilty plea and found Appellant guilty. (T. at 13-17).

{¶10} The trial court then noted that it had already received a presentence investigation report, and that Appellant had filed a motion for intervention in lieu of conviction. The trial court invited defense counsel to address the motion for intervention.

{¶11} Trial counsel noted that Appellant met the statutory criteria, and that she had never had an opportunity for a similar program as the majority of her prior offenses were misdemeanors which did not involve drugs of abuse. Nonetheless, counsel acknowledged that Appellant had some issues with appearing for court, and that she had

tested positive for drugs while on pretrial supervision. Counsel also noted that Appellant had a number of legitimate medical conditions which required medication. Counsel notified the court that Appellant's community control in Williams County was for an OVI, and it included a treatment program.

{¶12} The State opposed intervention without elaboration.

{¶13} The trial court denied intervention, finding that Appellant was not a good candidate, stating that such would be similar to whatever sentences she would have received for her OVIs. (T. at 21-22). The trial court also found that Appellant's previous problems with reporting for probation and her positive drug tests also made her a poor candidate. (T. at 22).

{¶14} The trial court then proceeded to sentence Appellant to one year of community control with residential treatment for drug and alcohol issues, and reserved a prison term of twelve months. The trial court ordered Appellant to remain in jail until the probation department could get her into a suitable treatment program. In response to a question from the prosecutor, the court noted that the Star Justice Center would be the court's first choice for Appellant. (T. at 25-29).

{¶15} On January 15, 2020, Appellant sent the trial court a letter asking for new counsel and a bond pending her next hearing. The trial court interpreted the letter as a request to appeal, denied an appeal bond, and appointed counsel to pursue an appeal.

{¶16} In his brief, Appellate counsel states that he had some difficulty locating Appellant, but eventually made contact at the Star Justice Center. Appellant indicated to counsel that she may not want to pursue the appeal because she was almost finished with the Star program. Appellant ultimately indicated that she did not wish to challenge

her guilty plea, but was considering challenging the denial of intervention. Appellant was going to discuss it with family and contact counsel. However, counsel was unable to confirm Appellant's intentions prior to her discharge from the Star Center. Counsel states that he has been unable to locate Appellant subsequent to her discharge and has been unable to confirm her intentions. Counsel moved to withdraw due to lack of contact, but the motion was denied and counsel was ordered to file a brief. (6/18/20 Judgment Entry denying withdraw.)

**{¶17}** The following error is now raised for review:

ASSIGNMENT OF ERROR

**{¶18}** "I. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR INTERVENTION IN LIEU OF CONVICTION."

**I.**

**{¶19}** In Appellant's sole assignment of error, she argues that the trial court erred in denying her motion for intervention in lieu of conviction. We disagree.

**{¶20}** "Intervention provides an alternative to prison if the trial court has reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior. Intervention reflects the legislature's determination that when drug abuse is the cause or precipitating factor in the commission of an offense, it may be more beneficial to the individual and to the community as a whole to treat the cause rather than punish the crime. *State v. Shoaf* (2000), 140 Ohio App.3d 75, 77, 746 N.E.2d 674. If an offender satisfies all of the statutory eligibility requirements for intervention, the trial court has discretion to determine whether a particular offender is a good candidate for

intervention. *State v. Wiley,* Franklin App. No. 03AP–362, 2003-Ohio-6835, 2003 WL 22966833, at ¶ 3.

**{¶21}** When an offender requests intervention, a trial court may elect to reject it outright without a hearing. R.C. §2951.041(A)(1). If the trial court elects to consider an offender's motion for intervention, it must conduct a hearing to determine the offender's eligibility and order an assessment of the offender to aid in doing so. R.C. §2951.041(A)(1). *State v. Stanovich* at ¶ 10.

**{¶22}** Pursuant to R.C. §2951.041(B), in determining whether an offender is eligible for intervention, the trial court must find all of the following:

(1) The offender previously has not been convicted of or pleaded guilty to any felony offense of violence.

(2) The offense is not a felony of the first, second, or third degree, is not an offense of violence, is not a violation of division (A)(1) or (2) of section 2903.06 of the Revised Code, is not a violation of division (A)(1) of section 2903.08 of the Revised Code, is not a violation of division (A) of section 4511.19 of the Revised Code or a municipal ordinance that is substantially similar to that division, and is not an offense for which a sentencing court is required to impose a mandatory prison term.

(3) The offender is not charged with a violation of section 2925.02, 2925.04, or 2925.06 of the Revised Code, is not charged with a violation of section 2925.03 of the Revised Code that is a felony of the first, second, third, or fourth degree, and is not charged with a violation of section 2925.11 of the Revised Code that is a felony of the first or second degree.

(4) If an offender alleges that drug or alcohol usage by the offender was a factor leading to the criminal offense with which the offender is charged, the court has ordered that the offender be assessed by a community addiction services provider or a properly credentialed professional for the purpose of determining the offender's program eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan, the offender has been assessed by a community addiction services provider of that nature or a properly credentialed professional in accordance with the court's order, and the community addiction services provider or properly credentialed professional has filed the written assessment of the offender with the court.

(5) If an offender alleges that, at the time of committing the criminal offense with which the offender is charged, the offender had a mental illness, was a person with an intellectual disability, or was a victim of a violation of section 2905.32 or 2907.21 of the Revised Code and that the mental illness, status as a person with an intellectual disability, or fact that the offender was a victim of a violation of section 2905.32 or 2907.21 of the Revised Code was a factor leading to that offense, the offender has been assessed by a psychiatrist, psychologist, independent social worker, licensed professional clinical counselor, or independent marriage and family therapist for the purpose of determining the offender's program eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan.

(6) The offender's drug usage, alcohol usage, mental illness, or intellectual disability, or the fact that the offender was a victim of a violation of section 2905.32 or 2907.21 of the Revised Code, whichever is applicable, was a factor leading to the criminal offense with which the offender is charged, intervention in lieu of conviction would not demean the seriousness of the offense, and intervention would substantially reduce the likelihood of any future criminal activity.

(7) The alleged victim of the offense was not sixty-five years of age or older, permanently and totally disabled, under thirteen years of age, or a peace officer engaged in the officer's official duties at the time of the alleged offense.

(8) If the offender is charged with a violation of section 2925.24 of the Revised Code, the alleged violation did not result in physical harm to any person.

(9) The offender is willing to comply with all terms and conditions imposed by the court pursuant to division (D) of this section.

(10) The offender is not charged with an offense that would result in the offender being disqualified under Chapter 4506. of the Revised Code from operating a commercial motor vehicle or would subject the offender to any other sanction under that chapter.

{¶23} See R.C. §2951.041(B)(1) through (10).

{¶24} A trial court has discretion to determine whether the particular defendant is a good candidate for intervention in lieu of conviction. See *State v. Schmidt,* 149 Ohio

App.3d 89, 2002-Ohio-3923, 776 N.E.2d 113. However, " 'even when a defendant satisfies all of the statutory requirements, a trial court has discretion to determine whether the particular defendant is a good candidate for [intervention].' " *State v. Leisten,* 166 Ohio App.3d 805, 2006-Ohio-2362, 853 N.E.2d 673, ¶ 7, quoting *State v. Schmidt* at ¶9; see also R.C. §2951.041(C) ("If the court finds that the offender is not eligible or does not grant the offender's request, the criminal proceedings against the offender shall proceed as if the offender's request for intervention * * * had not been made".

**{¶25}** An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 1141.

**{¶26}** Upon review of the case *sub judice*, we find that the trial court did not abuse its discretion in denying Appellant's Motion for Intervention in Lieu of Conviction. As is stated above, in order to grant intervention, the trial court must find that "intervention would substantially reduce the likelihood of any future criminal activity." See R.C. §2951.041(B)(6). The trial court, in denying Appellant's request, noted that Appellant had a lengthy criminal history going back to 1997, including a felony in 2006, and had multiple opportunities on probation.  She had been through substance abuse treatment programs while on probation in the past. Further, she failed to report on bond and appear more than once during the pendency of the instant case and also tested positive for drugs. (T. at 17-18).

**{¶27}** Based on the foregoing we cannot find that the trial court's decision was arbitrary, unconscionable or unreasonable.

**{¶28}**  Appellant's sole assignment of error is overruled.

**{¶29}**  For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.

JWW/kw