[Cite as *State v. Hempfield*, 2021-Ohio-4528.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| BRITTANY A. HEMPFIELD, | : | Case No. 2021 CA 00076 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Licking County
Court of Common Pleas, Case No.
21CR025

JUDGMENT:       Affirmed

DATE OF JUDGMENT:       December 22, 2021

APPEARANCES:

For Plaintiff-Appellee       For Defendant-Appellant

WILLIAM C. HAYES       WILLIAM T. CRAMER
Licking County Prosecutor       470 Olde Worthington Rd., Suite 200
Westerville, Ohio 43082

By: DARREN M. BURGESS
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

*Baldwin, P. J.*

**{¶1}** Defendant-appellant Brittany Hempfield appeals her sentence from the Licking County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** On October 14, 2020, police initiated a traffic stop of a vehicle in which appellant was a passenger. Appellant had an active warrant out of Licking Municipal Court.  While conducting a vehicle inventory, a black Adidas bag was found on the center console between the front seats. The bag contained a digital scale, syringes, and a bag of suspected methamphetamine. The bag also contained mail addressed to appellant and appellant's social security card. After being advised of her Miranda rights, appellant admitted to ownership of the bag. Testing confirmed the presence of 1.491 grams of methamphetamine.

**{¶3}** Thereafter, on January 14, 2021, the Licking County Grand Jury indicted appellant on one count of aggravated possession of methamphetamine in violation of R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree. At her arraignment on March 9, 2021, appellant entered a plea of not guilty to the charge.

**{¶4}** Appellant, on July 2, 2021, filed a Motion for Intervention in Lieu of Conviction pursuant to R.C. 2951.041(A)(1).  Pursuant to a Judgment filed on August 20, 2021, the motion was denied. Appellant then entered a plea of guilty to the indictment and, as memorialized in the August 20, 2021 Judgment, was sentenced to twelve (12) months in prison and given 7 days jail time credit.

**{¶5}** Appellant now appeals, raising the following assignment of error on appeal:

**{¶6}** "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR INTERVENTION IN LIEU OF CONVICTION."

I

**{¶7}** Appellant, in her sole assignment of error, argues that the trial court abused its discretion in denying her Motion for Intervention in Lieu of Conviction. We disagree.

**{¶8}** Intervention provides an alternative to prison if the trial court has reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior. Intervention reflects the legislature's determination that when drug abuse is the cause or precipitating factor in the commission of an offense, it may be more beneficial to the individual and to the community as a whole to treat the cause rather than punish the crime. *State v. Shoaf*, 140 Ohio App.3d 75, 77, 746 N.E.2d 674 (2000). If an offender satisfies all of the statutory eligibility requirements for intervention, the trial court has discretion to determine whether a particular offender is a good candidate for intervention. *State v. Wiley,* Franklin App. No. 03AP–362, 2003-Ohio-6835, 2003 WL 22966833, at ¶ 3. We apply an abuse of discretion standard to the review of the trial court's decision. *Id.* An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶9}** When an offender requests intervention, a trial court may elect to reject it outright without a hearing. R.C. § 2951.041(A)(1). If the trial court elects to consider an offender's motion for intervention, it must conduct a hearing to determine the offender's eligibility and order an assessment of the offender to aid in doing so. R.C. § 2951.041(A)(1). *State v. Stanovich,* 173 Ohio App.3d 304, 2007-Ohio-4234, at ¶ 10.

{¶10} {¶22} Pursuant to R.C. § 2951.041(B), in determining whether an offender is eligible for intervention, the trial court must find all of the following:

{¶11} (1) The offender previously has not been convicted of or pleaded guilty to any felony offense of violence.

{¶12} (2) The offense is not a felony of the first, second, or third degree, is not an offense of violence, is not a violation of division (A)(1) or (2) of section 2903.06 of the Revised Code, is not a violation of division (A)(1) of section 2903.08 of the Revised Code, is not a violation of division (A) of section 4511.19 of the Revised Code or a municipal ordinance that is substantially similar to that division, and is not an offense for which a sentencing court is required to impose a mandatory prison term.

{¶13} (3) The offender is not charged with a violation of section 2925.02, 2925.04, or 2925.06 of the Revised Code, is not charged with a violation of section 2925.03 of the Revised Code that is a felony of the first, second, third, or fourth degree, and is not charged with a violation of section 2925.11 of the Revised Code that is a felony of the first or second degree.

{¶14} (4) If an offender alleges that drug or alcohol usage by the offender was a factor leading to the criminal offense with which the offender is charged, the court has ordered that the offender be assessed by a community addiction services provider or a properly credentialed professional for the purpose of determining the offender's program eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan, the offender has been assessed by a community addiction services provider of that nature or a properly credentialed professional in accordance with the

court's order, and the community addiction services provider or properly credentialed professional has filed the written assessment of the offender with the court.

{¶15} (5) If an offender alleges that, at the time of committing the criminal offense with which the offender is charged, the offender had a mental illness, was a person with an intellectual disability, or was a victim of a violation of section 2905.32 or 2907.21 of the Revised Code and that the mental illness, status as a person with an intellectual disability, or fact that the offender was a victim of a violation of section 2905.32 or 2907.21 of the Revised Code was a factor leading to that offense, the offender has been assessed by a psychiatrist, psychologist, independent social worker, licensed professional clinical counselor, or independent marriage and family therapist for the purpose of determining the offender's program eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan.

{¶16} (6) The offender's drug usage, alcohol usage, mental illness, or intellectual disability, or the fact that the offender was a victim of a violation of section 2905.32 or 2907.21 of the Revised Code, whichever is applicable, was a factor leading to the criminal offense with which the offender is charged, intervention in lieu of conviction would not demean the seriousness of the offense, and intervention would substantially reduce the likelihood of any future criminal activity.

{¶17} (7) The alleged victim of the offense was not sixty-five years of age or older, permanently and totally disabled, under thirteen years of age, or a peace officer engaged in the officer's official duties at the time of the alleged offense.

{¶18} (8) If the offender is charged with a violation of section 2925.24 of the Revised Code, the alleged violation did not result in physical harm to any person.

**{¶19}** (9) The offender is willing to comply with all terms and conditions imposed by the court pursuant to division (D) of this section.

**{¶20}** (10) The offender is not charged with an offense that would result in the offender being disqualified under Chapter 4506. of the Revised Code from operating a commercial motor vehicle or would subject the offender to any other sanction under that chapter.

**{¶21}** See R.C. § 2951.041(B)(1) through (10).

**{¶22}** A trial court has discretion to determine whether the particular defendant is a good candidate for intervention in lieu of conviction. See *State v. Schmidt,* 149 Ohio App.3d 89, 2002-Ohio-3923, 776 N.E.2d 113. However, " 'even when a defendant satisfies all of the statutory requirements, a trial court has discretion to determine whether the particular defendant is a good candidate for [intervention].' " *State v. Leisten,* 166 Ohio App.3d 805, 2006-Ohio-2362, 853 N.E.2d 673, ¶ 7, quoting *State v. Schmidt* at ¶9; See also R.C. § 2951.041(C) ("If the court finds that the offender is not eligible or does not grant the offender's request, the criminal proceedings against the offender shall proceed as if the offender's request for intervention * * * had not been made").

**{¶23}** Upon review of the case *sub judice*, we find that the trial court did not abuse its discretion in denying appellant's Motion for Intervention in Lieu of Conviction. At the August 20, 2021 hearing before the trial court, appellee argued that appellant was not amenable to intervention in lieu of conviction because, as noted by the presentence investigation report (PSI), she had tested positive many times and failed to report many times. In agreeing with appellee, the trial court noted that appellant's "pretrial performance has been awful." Transcript at 3.

**{¶24}** We note that the Adult Court Services (ACS) Department, in the PSI, did not recommend that intervention in lieu of conviction be granted because appellant had been to prison twice before, had gone through 7 programs, and "ILC would not reduce the likelihood of any criminal activity." According to the PSI, appellant had been sentenced to prison in 2005 and again in 2010 for drug offenses. Appellant also had a precious probation revoked and had been through the Licking County Drug Court. In addition, between the period from March 2, 2021 and August 14, 2021, appellant had failed to report for scheduled appointment with ACS, had tested positive repeatedly for marijuana and methamphetamines and had failed to report for random drug tests and appointments on a number of occasions. In the PSI, the Probation Officer stated that appellant had "performed terribly on bond", had continued using marijuana and made excuses for testing positive for methamphetamines. Appellant had also failed to report or call in to the random drug call in system as instructed many times. The Probation Officer further noted that appellant continued surrounding herself with felons and drug users even while on bond and that granting intervention in lieu of conviction "will only reinforce the negative behavior she has demonstrated while on bond." At the hearing before the trial court, appellant argued with the trial court that during the pendency of her case, she was permitted to smoke marijuana.

**{¶25}** Based on the foregoing, we find that the trial court did not abuse its discretion in denying appellant's Motion for Intervention in Lieu of Conviction pursuant to R.C. 2951.041(A)(1). The trial court's decision was not arbitrary, unconscionable or unreasonable.

**{¶26}** Appellant's sole assignment of error is, therefore, overruled.

{¶27}  Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Gwin, J. and

Wise, John, J. concur.